18 P.3d 895

**In re GENESYS DATA TECH-NOLOGIES, INCORPO-RATED, Debtor.**

**John Meindl, Genesys Data Technologies, Incorporated, Plaintiffs–Appellants,**

**v.**

**Genesys Pacific Technologies, Incorporated, Defendant–Appellee.**

**No. 23220.**

Supreme Court of Hawai'i.

March 5, 2001.

Dale A. Cooter and Donna S. Mangold (of Cooter, Mangold, Tompert & Wayson, P.L.L.C., Washington, DC), pro hac vice; and G. Richard Morry and Cheryl A. Nakamura (of Rush Moore Craven Sutton Morry & Beh), on the briefs, for plaintiffs-appellants.

Michael W. Skojec and Thomas C. Dame (of Gallagher, Evelius & Jones LLP, Baltimore, Md.), pro hac vice; and Robert G. Klein (of McCorriston Miho Miller Mukai) on the briefs, for defendant-appellee.

MOON, C.J., LEVINSON, NAKAYAMA, RAMIL, and ACOBA, JJ.

Opinion of the Court by MOON, C.J.

This case arises out of involuntary bankruptcy proceedings in Maryland instituted by creditor Genesys Pacific Technologies, Inc. (Pacific) against debtor Genesys Data Technologies, Inc. (Data) based upon a default judgment in the amount of $1,262,067.24 in favor of Pacific and against Data in an underlying action for breach of contract and tortious interference with contractual relationship in the state circuit court of Hawai'i. The United States Bankruptcy Court for the District of Maryland disallowed a portion of Pacific's claim. On appeal from the bankruptcy court, the United States District Court for the District of Maryland reversed the decision of the bankruptcy court and allowed Pacific's entire claim. Thereafter, on appeal from the district court, the United States Court of Appeals for the Fourth Circuit concluded that, unless the default judgment was void under Hawai'i Rules of Civil Procedure (HRCP) Rule 54(c) (1990), principles of res judicata precluded the bankruptcy court from disturbing the Hawai'i judgment.

In re Genesys Data Technologies, Inc., 204 F.3d 124, 129 (4th Cir.2000). Data maintains that the default judgment is void because the judgment awarded damages beyond those prayed for in the complaint, in violation of HRCP Rule 54(c) (1990), which provides as follows:

> **Demand for Judgment.** *A judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment.* Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings.

(Bold emphasis in original.) (Underscored emphasis added.)

Finding no Hawai'i law to guide its determination whether the judgment was void, the United States Court of Appeals for the Fourth Circuit certified the following question to this court:

> Under Rule 54(c) of the Hawai'i Rules of Civil Procedure, is Pacific's default judgment for $1,262,067.24 void when Data received notice of Pacific's complaint requesting "[g]eneral, special, treble, and punitive damages in an amount to be determined at trial" before the entry of any default, and Data received notice of the specific amount requested and itemization of damages claimed after the entry of the default but before the entry of judgment?

In re Genesys, 204 F.3d at 133. We accepted certification [1] and now answer the question in the negative.

I. *BACKGROUND*

In April 1991, Pacific filed suit against Data in the First Circuit Court of Hawai'i on a variety of claims related to a contract between Data, a seller of optical disk-based imaging systems, and Pacific, its franchisee. The first amended complaint, filed in October

---

1. Hawai'i Rules of Appellate Procedure (HRAP) Rule 13(a) (2000) provides:

 When a federal district or appellate court certifies to the Hawai'i Supreme Court that there is involved in any proceeding before it a question concerning the law of Hawai'i that is determinative of the cause and that there is no clear controlling precedent in the Hawai'i judicial decisions, the Hawai'i Supreme Court may answer the certified question by written opinion.

1992, requested damages for breach of contract, breach of the covenant of good faith and fair dealing, interference with contractual relationship, and alleged violations of Hawai'i Revised Statutes (HRS) chapter 482E (1985), entitled, "Franchise Investment Law." In support of its breach of contract claim, Pacific did not expressly request damages for lost profits. However, Pacific alleged that, "[a]s a result of [Data's] material breach, [Pacific] has lost all of its marketing leads and its ability to operate as a viable entity. In addition, [Data's] actions have saddled [Pacific] with a valueless laser optical system." Further, in support of its claim of interference with contractual relationship, Pacific requested "punitive damages in an amount sufficient to punish or to set an example" and "to deter the reckless conduct of [Data.]" The complaint did not request damages in any specific amount but prayed for judgment awarding:

A. General, special, treble and punitive damages in an amount to be determined at trial[;]

B. Attorneys' fees, costs of suit and both pre-judgment and post-judgment interest; and

C. Such other and further relief as the Court deems just and proper.

Data initially defended the action, filing an answer and engaging in discovery. However, Data closed its business operations in Maryland in 1992 when its secured lender foreclosed on all of its assets. In October 1992, the circuit court granted a motion filed by the law firm representing Data to withdraw as counsel and, thereafter, Data ceased defending the action. In December 1992, Pacific moved for entry of default by the clerk of court pursuant to HRCP Rule 55(a) (1990)[2] and sent a notice of the motion to Data's Maryland office. Subsequent to a hearing, at which Data did not appear, the circuit court granted the motion, and the clerk entered default against Data on Febru-

ary 19, 1993. Pacific then moved for default judgment against Data pursuant to HRCP Rule 55(b) (1990)[3] in the amount of $1,262,067.24 and again sent Data the notice of the motion and supporting documents to its Maryland office. The supporting documents included the affidavits of its attorney and of its president, Neil Alper, who itemized the damages to include $252,067.24 in total incidental losses, $750,000 in lost profits over five years, and $250,000 in punitive damages. Pacific also sought $10,000 in attorneys' fees. Data did not respond to the motion. On April 22, 1993, following a hearing that Data did not attend, the circuit court entered a default judgment in favor of Pacific in the requested amounts. The circuit court then sent a notice of entry of the default judgment to Data on April 26, 1993. Data did not file any post-judgment motions, take an appeal, or in any other manner contest the entry of default or default judgment in the state courts of Hawai'i.

In 1994, Pacific filed the Hawai'i judgment in the Circuit Court of Baltimore County, Maryland against Data to facilitate recovery on the judgment. When Data refused to honor Pacific's default judgment, Pacific initiated bankruptcy proceedings against Data and filed a claim in those proceedings based on the judgment. Data and its principal, John Meindl, objected to Pacific's assertion of the claim, contending that the Hawai'i judgment was based on no real debt, was procured by fraud, and was void.

The bankruptcy court found that Alper's affidavit, filed in support of the default judgment, contained some fraudulent material representations involving an office lease and, thus, disallowed that portion of the claim. However, the bankruptcy court allowed the remainder of the claim as well as pre-petition interest and additional attorney's fees. On appeal from the bankruptcy court, the federal district court allowed Pacific's entire claim,

---

2. HRCP Rule 55(a) (1990), governing entry of default, provides as follows:

**Entry.** When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter his default.

3. HRCP Rule 55(b) (1990), entitled "Judgment," provides for the entry of *judgment* by default (default judgment) after the entry of default by the clerk pursuant to HRCP Rule 55(a). *See* HRCP Rule 55(b)(1).

concluding that the full faith and credit clause in article IV, section 1 of the United States Constitution prevented the bankruptcy court from disturbing the Hawai'i judgment in any way.

Reviewing the district court's decision, the United States Court of Appeals for the Fourth Circuit clarified that, although the full faith and credit clause of the United States Constitution requires *states* to accord full faith and credit to the judgment of *other states,* a federal statute, 28 U.S.C. § 1738 (1994), directs *federal* courts to afford state court judgments full faith and credit. *In re Genesys,* 204 F.3d at 127. Section 1738 provides that "judicial proceedings . . . shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken." 28 U.S.C. § 1738. The United States Supreme Court has expressly held that the full faith and credit statute "directs a federal court to refer to the preclusion law of the State in which judgment was rendered." *Marrese v. American Academy of Orthopaedic Surgeons,* 470 U.S. 373, 380, 105 S.Ct. 1327, 84 L.Ed.2d 274 (1985) (cited in *In re Genesys,* 204 F.3d at 127). Thus, the Fourth Circuit concluded that, if a Hawai'i court would grant the default judgment preclusive effect, then the bankruptcy court must grant the judgment the same effect. *In re Genesys,* 204 F.3d at 129.

Data argued that a Hawai'i court would not give the judgment preclusive effect because it was based on no real debt, was

procured by fraud, and was void under HRCP Rule 54(c). First, the Fourth Circuit rejected the contention that the default judgment would not be afforded preclusive effect under Hawai'i law because it was based on no real debt, holding that the default judgment in Pacific's favor "adjudicated" Pacific's allegations that Data breached its contractual and statutory obligations. *Id.* at 129–30. The Fourth Circuit further held that, under Hawai'i law, Data was time-barred from seeking to vacate the judgment based on fraud under HRCP Rule 60(b)(3) (2000).[4] *Id.* at 131, 132. However, the Fourth Circuit, finding no Hawai'i precedent to guide its determination whether the default judgment was void under HRCP Rule 54(c), certified the question to this court. *In re Genesys,* 204 F.3d at 132–33.

## II. *DISCUSSION*

Data contends that the default judgment entered by the Hawai'i circuit court in the amount of $1,262,067.24 is void because it violates the requirements of HRCP Rule 54(c). Data argues that, because Pacific's amended complaint did not contain a request for damages in any specific amount, the complaint failed to afford Data adequate notice upon which to make an informed decision regarding whether to default or actively defend the action.

Pacific claims that Data failed to make a timely challenge of the judgment and that Hawai'i law does not permit a collateral attack on the judgment based on the errors alleged by Data. Further, Pacific maintains that Data was provided with sufficient notice

---

**4.** Pursuant to HRCP Rule 60(b)(3), "[o]n motion and upon such terms as are just, the court may relieve a party . . . from a final judgment . . . for . . . fraud (whether heretofore denominated as intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party[.]" A motion under HRCP Rule 60(b)(3) shall not be made more than one year after the judgment was taken. However, this rule "does not limit the power of a court to entertain an independent action to relieve a party from a judgment . . . for fraud upon the court." HRCP Rule 60(b). The Fourth Circuit distinguished "fraud upon the court," such as bribing a judge, tampering with a jury, or fraud by an officer of the court, from fraud "between parties," such as perjury (not involving an officer of the court) or fabricated evidence.

*In re Genesys,* 204 F.3d at 130–31 (citing, *inter alia, Hazel–Atlas Glass Co. v. Hartford Empire Co.,* 322 U.S. 238, 244–45, 64 S.Ct. 997, 88 L.Ed. 1250 (1944); *Great Coastal Express, Inc. v. International Bhd. of Teamsters,* 675 F.2d 1349, 1356 (4th Cir.1982)). Concluding that Hawai'i law was generally consistent with federal law, the court determined that Data's allegation that Alper submitted fraudulent affidavits would not constitute fraud upon the court, and, therefore, the one-year limitation period would bar Data from seeking relief under Rule 60(b). *In re Genesys,* 204 F.3d at 131–32 (citing *Kawamata Farms, Inc. v. United Agri Products,* 86 Hawai'i 214, 948 P.2d 1055 (1997); *Southwest Slopes, Inc. v. Lum,* 81 Hawai'i 501, 918 P.2d 1157 (App.1996)).

**38**

and opportunity to defend the action both before and after the entry of default.

## A. Void Judgments

 "In the sound interest of finality, the concept of void judgment must be narrowly restricted." *Dillingham Inv. Corp. v. Kunio Yokoyama Trust*, 8 Haw.App. 226, 233, 797 P.2d 1316, 1320 (1990); *see also International Sav. and Loan Ass'n, Ltd. v. Woods*, 69 Haw. 11, 18 731 P.2d 151, 156 (1987) (finality refers to very real interests, "not merely those of the immediate parties but also those that pertain to the smooth functioning of our judicial system" (brackets omitted)). A judgment is void "only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." *Cooper v. Smith*, 70 Haw. 449, 454, 776 P.2d 1178, 1181, *reconsideration denied*, 70 Haw. 449, 776 P.2d 1178 (1989). There is no indication that the circuit court lacked jurisdiction over the subject matter or the parties in this case. Thus, our analysis focuses upon whether the circuit court's entry of judgment was consistent with due process.

 HRCP Rule 54(c) provides that "[a] judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment." In *Matsushima v. Rego*, 67 Haw. 556, 696 P.2d 843 (1985), this court held that, under HRCP Rule 54(c), the probate court's default judgment as to the matter of quieting title was void and that the doctrine of res judicata was inapplicable to a subsequent civil suit seeking to set aside the deed because the demand for judgment in the probate pleadings did not pray for quieting title. *Id.* at 559–60, 696 P.2d at 845–46 (citing, *inter alia, Continental Casualty Co. v. Barlar*, 55 Ala.App. 441, 316 So.2d 690, 692 (1975) (default judgment entered in an amount exceeding that claimed in complaint was void and subject to collateral attack)). We stated that, "[b]y its plain meaning, HRCP Rule 54(c) restricts the scope of relief that may be granted by default judgment to that specifically prayed for." *Matsushima*, 67 Haw. at 559, 696 P.2d at 846. Looking to interpretations of the

corresponding and identical Federal Rules of Civil Procedure (FRCP) Rule 54(c), we acknowledged that "the prayer must be sufficiently specific that the court can follow the mandate of the Rule." *Id.* (citing 6 *Moore's Federal Practice* § 54.61). We further acknowledged that:

The purpose of the rule is to provide a defending party with adequate notice upon which to make an informed judgment on whether to default or actively defend the action. 10 C. Wright, A. Miller & Kane, Federal Practice and Procedure § 2663 (1983); *in accord, In re Marriage of Thompson*, 32 Wash.App. 179, 646 P.2d 163 (1982); *Continental Casualty Co. v. Barlar*, 55 Ala.App. 441, 316 So.2d 690 (1975). Equity requires that the defendant be able to decide based on the relief requested whether to incur the considerable expense and trouble of litigation.

*Id.* at 559–60, 696 P.2d at 846.

 Although not specifically addressed in *Matsushima*, the award of a default judgment in violation of HRCP Rule 54(c) implicates the defendant's right to due process. *See Bank of Hawaii v. Horwoth*, 71 Haw. 204, 215, 787 P.2d 674, 680 (1990) ("[I]t would be fundamentally unfair to give greater or different relief from that prayed for since a defaulting defendant may have relied on the relief requested in the complaint in deciding not to appear and defend the action.") (citing 10 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure*, § 2662, at 131); *see also Eberhardt v. Integrated Design & Construction, Inc.*, 167 F.3d 861, 871 (4th Cir. 1999) ("Due process concerns exist when relief under a default judgment goes beyond the complaint because it would result in fundamental unfairness to a defendant who chooses not to appear and thereby limit relief to the grounds of the complaint."); *Compton v. Alton S.S. Co., Inc.*, 608 F.2d 96, 105–06 (4th Cir.1979) (citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950) (the "right to be heard has little reality or worth unless one is informed that the matter is pending and can choose for himself whether to appear or default, acquiesce or contest")); *Conner v. Universal Utilities*, 105 Wash.2d

168, 712 P.2d 849, 852 (1986) ("A defendant has a due process right to assume that a default judgment will not exceed or substantially differ from the demand stated in the complaint."). However, rules of civil procedure, in and of themselves, do not confer substantive rights. As we recognized in *In re Doe*, 77 Hawai'i 109, 883 P.2d 30 (1994):

> Article VI, section 7 of the Hawai'i Constitution provides that "[t]he supreme court shall have power to promulgate rules and regulations in all civil and criminal cases for all courts relating to process, practice, procedure and appeals, which shall have the force and effect of law." However, pursuant to HRS § 602–11 (1985), "[s]uch rules *shall not abridge, enlarge, or modify the substantive rights of any litigant*, nor the jurisdiction of any of the courts, nor affect any statute of limitations."

*Id.* at 113, 883 P.2d at 34 (emphasis added). Thus, although a default judgment may be subject to challenge for violating HRCP Rule 54(c), not every violation of subsection (c) necessarily renders the default judgment void and subject to collateral attack. "For mere procedural error that does not deprive a party of notice or opportunity to be heard, a remedy must be timely sought." *Stafford v. Dickison*, 46 Haw. 52, 59, 374 P.2d 665, 670 (1962) (holding that default judgment was void for violating due process where out-of-state defendant was not provided notice of withdrawal of counsel, entry of default, or entry of default judgment).

HRCP Rule 55 (2000), governing defaults, provides in relevant part as follows:

> **(a) Entry.** When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.
>
> **(b) Judgment.** Judgment by default may be entered as follows:
>
> (1) *By the Clerk.* When the plaintiff's claim against a defendant is for a <u>sum certain or for a sum which can by computation be made certain,</u> the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defen-

dant, if the defendant has been defaulted for failure to appear and is not an infant or incompetent person.

> (2) *By the Court.* In all other cases the party entitled to a judgment by default shall apply to the court therefor.... If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) <u>shall be served with written notice of the application for judgment</u> at least 3 days prior to the hearing on such application. <u>If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper</u> and shall accord a right of trial by jury to the parties when and as required by any statute.
>
> (c) **Setting Aside Default.** <u>For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).</u>
>
> (d) **Plaintiffs, Counterclaimants, Cross Claimants.** The provisions of this rule apply whether the party entitled to the judgment by default is a plaintiff, a third-party plaintiff, or a party who has pleaded a cross-claim or counterclaim. <u>In all cases a judgment by default is subject to the limitations of Rule 54(c).</u>

(Bold emphases and italics in original.) (Underscored emphases added.)

 Hawai'i courts have recognized that a failure to provide notice in accordance with HRCP Rule 55(b) does not, in and of itself, render the default judgment void. *See Stafford*, 46 Haw. at 59, 374 P.2d at 670; *Richardson v. Lane*, 6 Haw.App. 614, 621–22, 736 P.2d 63, 69 (failure to provide notice of hearing on the application for default judgment as required by HRCP Rule 55(b)(2) held to be harmless procedural error where defaulting party left courtroom and refused to proceed with trial), *reconsideration denied*, 6 Haw.App. 614, 736 P.2d 63 (1987). Discuss-

ing procedural violations of HRCP Rule 55(b), the court in *Richardson* stated that,

> [w]hile the failure to give the required notice is generally regarded as a serious procedural irregularity that may afford the basis for reversal on appeal, or for relief under an appropriate clause of Rule 60(b) and in conjunction with other irregularities may render the judgment void, the error should not usually be treated as so serious as to render the judgment void. It should be considered in the light of surrounding circumstances and will, at times, be harmless.

6 Haw.App. at 622, 736 P.2d at 69. Analogously, a default judgment that violates HRCP Rule 54(c) is not necessarily void.

 Generally, default judgments are not favored because they do not afford parties an opportunity to litigate claims or defenses on the merits. *See BDM, Inc. v. Sageco, Inc.,* 57 Haw. 73, 76, 549 P.2d 1147, 1150 (1976); *Oahu Plumbing and Sheet Metal, Ltd. v. Kona Construction, Inc.,* 60 Haw. 372, 380–81, 590 P.2d 570, 576 (1979); *Lambert v. Lua,* 92 Hawai'i 228, 235, 990 P.2d 126, 133 (App.1999). Accordingly, our rules provide ample opportunity for defaulting defendants to challenge judgments upon good cause shown. *See, e.g.,* HRCP Rule 55(c) (providing for setting aside of default); HRCP Rule 60(b) (providing for relief from judgment). However, where a party has chosen not to appear and has failed to challenge the default judgment in a timely manner, the public interest in the finality of judgments precludes collateral attack on the judgment, except in limited circumstances. *See generally Cooper,* 70 Haw. at 454–55, 776 P.2d at 1181–82; *Dillingham,* 8 Haw.App. at 233, 797 P.2d at 1320. Thus, a default judgment is not void for violating HRCP Rule 54(c) unless the violation deprived the defaulting party of due process by failing to provide notice of the scope of the claim and a meaningful opportunity to defend against it. Therefore, we next consider whether, given all the surrounding circumstances in this case, Pacific's failure to request damages in a specific amount was a violation of HRCP Rule 54(c) that was "so serious as to render

the judgment void." *See Richardson,* 6 Haw. App. at 622, 736 P.2d at 69.

### B. *Request for Damages under HRCP Rule 54(c)*

In the instant case, the amended complaint requested "[g]eneral, special, treble and punitive damages in an amount to be determined at trial." Although Data did not receive notice of the specific amount of damages claimed before entry of default, Data did receive notice of the damage hearing and the specific amounts claimed before judgment was entered.

This court has not addressed the issue whether awarding damages in a default judgment arising from a complaint the prayer for relief of which requested damages in an unspecified amount violates HRCP Rule 54(c). As the Fourth Circuit has recognized, the approaches of other jurisdictions with analogous provisions have not been uniform. *In re Genesys,* 204 F.3d at 132 ("[FRCP Rule] 54(c) and its many state analogues have led to a dizzying array of judicial decisions addressing the precise meaning of the requirement that a default judgment may not 'exceed in amount that prayed for in the demand for judgment.' ").

When a complaint demands only a specific amount of damages, courts have generally held that a default judgment cannot award additional damages because the defendant could not reasonably have expected that his or her damages would exceed that amount. *See, e.g., Compton,* 608 F.2d at 105–06; *Producers Equip. Sales, Inc. v. Thomason,* 15 Kan.App.2d 393, 808 P.2d 881, 886–87 (1991). However, the case law reflects disagreement as to, *inter alia,* (1) whether a default judgment awarding money damages based on a complaint requesting unspecified or unliquidated damages "exceeds" the amount prayed for and (2) whether a default judgment may "exceed" the amount prayed for in the complaint if the defendant has appeared, or has had an opportunity to appear, at the damage hearing after the entry of default.

#### 1. Specificity of the Complaint

Some courts have required specificity in the amount of the demand for judgment in

order to ensure compliance with Rule 54(c). *See, e.g., Thorp Loan Co. v. Morse,* 451 N.W.2d 361, 362, 364 (Minn.Ct.App.1990) (where complaint requested damages in the amount of $1,566.58 as well as "such other sums as are determined through discovery and accounting[,]" treble damages and injunctive relief, relief awarded in excess of the specific amount was extrajudicial and void even if the damages are proven to the judge's satisfaction); *Mahmoud v. International Islamic Trading, Ltd.,* 572 So.2d 979, 981 (Fla. Dist.Ct.App.1990) ("[A] default admits the plaintiff's entitlement to liquidated damages due under the pleaded cause of action, but not unliquidated damages.").

Conversely, a number of courts interpreting Rule 54(c) have upheld default judgments for money damages where the prayer for relief did not specify the amount of damages sought or sought damages in both specified and unspecified amounts. *See, e.g., Melehes v. Wilson,* 774 P.2d 573, 579–80 (holding that the default judgment awarding money damages is not void merely because the complaint did not contain a specific dollar amount in the demand for judgment), *reh'g denied,* 774 P.2d 573 (Wyo.1989); *Floyd v. First Union Nat'l Bank of Georgia,* 203 Ga.App. 788, 417 S.E.2d 725, 726–27 (default judgment awarding punitive damages and attorney's fees upheld where appellants specifically prayed for such damages in an amount to be determined at trial), *cert. denied,* 203 Ga.App. 788, 417 S.E.2d 725 (1992); *Henry v. Sneiders,* 490 F.2d 315, 317 (9th Cir.) (*per curiam* ) (holding that default judgment for $235,338.39 did not exceed the amount prayed for where complaint requested damages for breach of contract, the amount of which was to be proved at trial), *cert. denied,* 419 U.S. 832, 95 S.Ct. 55, 42 L.Ed.2d 57, *reh'g denied,* 419 U.S. 1060, 95 S.Ct. 644, 42 L.Ed.2d 657 (1974); *Tarnoff v. Jones,* 17 Ariz.App. 240, 497 P.2d 60, 65 (1972) (holding that it was not necessary for a prayer for punitive damages to be specific in amount for a judgment granting such relief to be in harmony with the rule); *Dairyland Ins. Co.*

*v. Richards,* 108 Ariz. 89, 492 P.2d 1196, 1198 (1972) (en banc) (defendants foreclosed from attacking default judgment for money damages where complaint requested indefinite amount).

■ With regard to the level of specificity required by Rule 54(c), we are persuaded by the reasoning of the Wyoming Supreme Court in *Melehes* that

> the rationale [underlying the rule] is served equally well when that plaintiff states the nature of the injury ... and sets forth the specific elements of damages for which he seeks judgment. Under that form of general pleading[,] a defendant receives reasonable notice that he is at substantial monetary risk if he fails or chooses not to defend the action and suffers default. Our procedural rules charge a defendant in that situation with the knowledge that when the complaint demands unliquidated damages the district court shall conduct a hearing, take evidence, and determine an amount of damages based on the evidence presented to which the appellee is entitled. The lower court's award on default judgment is always subject to our review on proper grounds shown.

*Melehes,* 774 P.2d at 579–80.

■ Hawaii's rules of notice pleading require that a complaint set forth a short and plain statement of the claim that provides defendant with fair notice of what the plaintiff's claim is and the grounds upon which the claim rests. HRCP Rule 8(a) (1999); *Au v. Au,* 63 Haw. 210, 220, 626 P.2d 173, 181 (*per curiam*), *reconsideration denied,* 63 Haw. 263, 626 P.2d 173 (1981). Pleadings must be construed liberally. *Id.* General allegations of damages to be proven at trial are permissible and, in some instances, ad damnum clauses specifying the amount of damages are prohibited. *See, e.g.,* HRS § 663–1.3(a) (1993).[5] Considering these general requirements of notice pleadings and the fact that, under HRCP Rule 55(b), the defendant is

---

**5.** HRS § 663–1.3(a), entitled " 'Ad damnum' clause prohibited[,]" provides in relevant part that, "in any action based on tort ... to recover damages for personal injuries[,] ... no complaint

... shall specify the amount of damages prayed for but shall contain a prayer for general relief[.]"

**42**

charged with the knowledge that, when the complaint demands unliquidated damages, the court shall conduct a hearing, take evidence, and determine an amount of damages before entering a default judgment, we do not interpret HRCP Rule 54(c) as requiring the complaint to contain a request for damages in a specific amount.

▆▆▆ Data contends that, with respect to the award of lost profits and certain incidental losses, Pacific's complaint failed to meet the requirements of HRCP Rule 9(g) (1990), which provides that, "[w]hen items of special damage are claimed, they shall be specifically stated." However, there is no requirement that any specific *amount* be alleged, and the purposes of both HRCP Rules 9(g) and 54(c) are met where the "plaintiff states the nature of the injury ... and sets forth the specific elements of damages for which he seeks judgment" such that the defendant can make a reasonably informed judgment as to whether to actively defend the action. *See Melehes*, 774 P.2d at 579–80.

Here, Pacific requested "[g]eneral, special, treble, and punitive damages in an amount to be determined at trial," as well as attorney's fees. Although Pacific did not expressly request damages for lost profits, Pacific alleged that, "[a]s a result of [Data's] material breach, [Pacific] has lost all of its marketing leads and its ability to operate as a viable entity. In addition, [Data's] actions have saddled [Pacific] with a valueless laser optical system." Data argues that, given the speculative nature of any lost profits claim, the complaint provided insufficient notice that Pacific would claim $750,000 in lost profits over five years. "Pacific was a start up company in the then new field of optical imaging; it never sold any optical systems and achieved no revenue, let alone profit."

However, we need not decide whether the award of lost profits violated the requirements of HRCP Rule 54(c) to answer the question before us. Even assuming that the complaint failed to provide Data with adequate notice of the scope of the damages claimed before the entry of default, the default judgment is not necessarily void as violating Data's right to due process where Data was given notice of the specific amounts claimed after the entry of default but before entry of judgment.

**2. Notice of Damage Hearing**

Some courts have recognized that relief beyond the amount prayed for may be awarded where "the defendant, though in default, may have actually opposed or had a meaningful opportunity to oppose the additional relief sought[.]" 10 *Moore's Federal Practice* § 54.71[1] (3d ed.1997) (citing *In re Dierschke*, 975 F.2d 181, 185 (5th Cir.1992) (when defendant appeared at hearing on default judgment and opposed award and amount of attorney's fees, failure of complaint to request specific amount awarded did not preclude fee award as part of default judgment); *Appleton Elec. Co. v. Graves Truck Line, Inc.*, 635 F.2d 603, 610–11 (7th Cir.1980) (proposed order of default served on defendant was definite enough to allow defendant to calculate its maximum liability, provided adequate notice of increase of potential liability, and was tantamount to amendment of prayer for relief), *cert. denied*, 451 U.S. 976, 101 S.Ct. 2058, 68 L.Ed.2d 357 (1981)). The United States Court of Appeals for the Ninth Circuit, however, has rejected that approach. In *Fong v. United States*, 300 F.2d 400, 413 (9th Cir.), *cert. denied*, 370 U.S. 938, 82 S.Ct. 1584, 8 L.Ed.2d 807 (1962), the Ninth Circuit held that the district court properly refused to enter a judgment for actual damages when the petition was not amended to include a request for more than liquidated damages under the contract before the entry of default. The Ninth Circuit concluded that, notwithstanding the appearance of a defendant at the damage hearing, the district court could not "escape the explicit and emphatic mandate of [FRCP] Rule 54(c) which unmistakably commands that ... the judgment 'shall not be different in kind from or exceed in amount that prayed for in the demand for judgment' at the time of the entry of the default." *Id.* The foregoing federal cases reflect disagreement as to the circumstances under which FRCP Rule 54(c) is violated. They also seem to suggest a disagreement regarding whether, assuming there is a "procedural violation" of the rule, the due process concerns implicated by the

rule can be "cured" by actual notice of and an opportunity to defend against the damage claim after entry of default but prior to the entry of judgment.

Even if providing notice of specific or additional amounts sought after the entry of default does not comply with the procedural requirements of Rule 54(c), we are persuaded that providing notice after entry of default but prior to entry of judgment may be considered in evaluating whether the requirements of due process were met. Assuming, without deciding, that there was a procedural violation in this case, we look to the surrounding circumstances to determine whether any such violation was so serious as to render the judgment void on due process grounds. *See Richardson,* 6 Haw.App. at 621, 736 P.2d at 69.

■ Here, Data was given reasonable notice in the complaint of the nature of Pacific's claims based on the alleged breach of contract and tortious interference with contractual relationship. Although no specific amount of damages was requested, the complaint notified Data that Pacific sought general and special damages that could put Data at risk of substantial loss. After making an initial appearance in the action, Data chose not to continue defending against Pacific's claim. Default was entered. Thereafter, Pacific moved for default judgment and provided Data with notice of the specific amount of damages claimed. Data had an opportunity to challenge those amounts at the damage hearing or move to set aside the entry of default. Thus, Data was provided with sufficient notice of the actual amount of damages sought and an opportunity to defend against it prior to the entry of judgment. Accordingly, we hold that Pacific's default judgment for $1,262,067.24 is not void because the entry of judgment did not deprive Data of its right to due process of law.

We further note that, even after the circuit court entered judgment in the requested amounts, Data had an opportunity to challenge the default judgment pursuant to HRCP Rule 60(b). Failing to timely request relief, Data is now precluded from collaterally attacking the judgment.

## III. *CONCLUSION*

Based on the foregoing, we answer the certified question in the negative.