**PUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

In Re: GENESYS DATA TECHNOLOGIES,
INCORPORATED,
                                    *Debtor.*

JOHN MEINDL; GENESYS DATA
TECHNOLOGIES, INCORPORATED,
                *Plaintiffs-Appellants,*                  No. 98-2270

                    v.

GENESYS PACIFIC TECHNOLOGIES,
INCORPORATED,
                *Defendant-Appellee.*

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Frederic N. Smalkin, District Judge.
(CA-98-1635-S, BK-96-55018)

Argued: September 22, 1999

Decided: March 27, 2001

Before WILKINS, WILLIAMS, and MOTZ, Circuit Judges.

_____

Affirmed by published opinion. Judge Motz wrote the opinion, in
which Judge Wilkins and Judge Williams joined.

_____

## COUNSEL

**ARGUED:** Dale Andrew Cooter, COOTER, MANGOLD, TOM-
PERT & WAYSON, P.L.L.C., Washington, D.C., for Appellants.

Thomas Christopher Dame, GALLAGHER, EVELIUS & JONES, L.L.P., Baltimore, Maryland, for Appellee. **ON BRIEF:** Donna S. Mangold, COOTER, MANGOLD, TOMPERT & WAYSON, P.L.L.C., Washington, D.C.; Morton A. Faller, SHULMAN, ROGERS, GANDAL, PORDY & ECKER, P.A., Rockville, Maryland, for Appellants. Stephen A. Goldberg, Michael W. Skojec, GALLAGHER, EVELIUS & JONES, L.L.P., Baltimore, Maryland, for Appellee.

---

**OPINION**

DIANA GRIBBON MOTZ, Circuit Judge:

John Meindl and Genesys Data Technologies, Incorporated (collectively Data) appealed from the district court's allowance of the bankruptcy claim of Genesys Pacific Technologies, Incorporated (Pacific). That claim is based on a default judgment Pacific obtained against Data in a Hawaii trial court. We previously held that "[if] a default judgment would be entitled to preclusive effect under state law it must be given such effect in bankruptcy claims allowance proceedings, absent express congressional intent to create an exception to the full faith and credit statute in such proceedings." *Meindl v. Genesys Pacific Techs. (In re Genesys Data Techs., Inc.)*, 204 F.3d 124, 126 (4th Cir. 2000). We further held that unless Pacific's judgment was void, "Hawaii law would afford it preclusive effect." *Id.* Finding Hawaii law "unsettled" as to whether the judgment would be void under Haw. R. Civ. P. 54(c), we certified that question to the Supreme Court of Hawaii. *Id.*

Specifically, we asked the Supreme Court of Hawaii to answer the following question:

> Under Rule 54(c) of the Hawaii Rules of Civil Procedure, is Pacific's default judgment for $1,262,067.24 void when Data received notice of Pacific's complaint requesting "[g]eneral, special, treble, and punitive damages in an amount to be determined at trial" before the entry of any default, and Data received notice of the specific amount

requested and itemization of damages claimed after the entry of the default but before the entry of judgment?

*Id.* at 133. The Supreme Court of Hawaii accepted our request and has now answered the certified question "in the negative." *Meindl v. Genesys Pacific Techs. (In re Genesys Data Techs., Inc.*), 2001 WL 212627, at *1, ___ Haw. ___, ___ P.3d ___ (March 5, 2001).

As we noted in our earlier opinion, federal courts "follow a two-step process" when determining whether the full faith and credit statute, 28 U.S.C.A. § 1738 (West 2000), applies "in a particular situation." *Meindl*, 204 F.3d at 128. "First, a federal court must look to state law to determine the preclusive effect of the state court judgment." *Id.* We have now completed that task. The Supreme Court of Hawaii has ruled in answer to our certified question that Pacific's judgment is not void under Haw. R. Civ. P. 54(c). *Meindl*, 2001 WL 212627, at *1. We have already determined that this constitutes the only possible reason a Hawaii court would refuse to give that judgment preclusive effect. *See Meindl*, 204 F.3d at 129-132. Accordingly, given the Supreme Court of Hawaii's answer to our certified question, we can now conclude with assurance that state law would afford Pacific's default judgment preclusive effect.

We must now engage in the second part of our two-step analysis. We must determine if Congress created an express or implied exception to § 1738. *See id.* at 128; *see generally*, *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 468 (1982) (no exception to § 1738 will be recognized "unless a later statute contains an express or implied partial repeal"). To find such an exception, "there [must] be an 'irreconcilable conflict' between the two federal statutes at issue." *Matsushita Elec. Indus. Co. v. Epstein*, 516 U.S. 367, 381 (1996) (quoting *Kremer*, 456 U.S. at 468). The Supreme Court has noted that it has "seldom, if ever, held that a federal statute impliedly repealed § 1738 . . . due to th[is] relatively stringent standard." *Matsushita*, 516 U.S. at 380-81.

As we noted in our earlier opinion, Data has not even suggested that Congress has explicitly or implicitly repealed § 1738 in this case. *See Meindl*, 204 F.3d at 128. Accordingly, the second step of our analysis can be easily resolved. There is no basis for finding an exception to § 1738 here or for refusing to give the Hawaii default

judgment the preclusive effect to which it would be entitled under Hawaii law.

In sum, because Pacific's default judgment is entitled to preclusive effect under Hawaii law and because Congress has created no exception to § 1738 in the present context, that judgment is also entitled to full faith and credit in bankruptcy claims allowance proceedings. Therefore, the judgment of the district court granting it such effect is

*AFFIRMED*.