DAVID T. MOYSA and JANE F. MOYSA, Petitioners-Appellees,
v.
ERIC L. DAVIES and MIRELLA M. DAVIES, Respondents-Appellants.
No. 28753
Intermediate Court of Appeals of Hawaii.
May 4, 2009.
On the briefs:
Brian B. Custer and Gary L. Hartman, for Respondents-Appellants.
Adrian W. Rosehill, Stubenberg & Durrett, for Petitioners-Appellees.

SUMMARY DISPOSITION ORDER
RECKTENWALD, C.J., WATANABE and FUJISE, JJ.
Respondents-Appellants Eric L. Davies and Mirella M. Davies (collectively Respondents) appeal from the First Amended Order Granting Petition for Injunction Against Harassment (Amended Order), filed on July 31, 2007 in the District Court of the First Circuit (district court).[1]
The Amended Order stems from a dispute between the Resondents and their neighbors Petitioners-Appellees David T. Moysa and Jane F. Moysa (collectively Petitioners). The Amended Order, inter alia, prohibited the Respondents from "[c]ontacting, threatening, or harassing" the Petitioners. The Amended Order also contained the following special conditions:
(1) Respondents shall not play any music, sermons, or anything else on a television, stereo, other sound reproduction device such that the sound can be heard thirty (30) feet or more away. The thirty (30) or more feet shall be measured from the point where the sound is audible (a) to the nearest part of the Davies residence, if the sound source is within the Davies residence, or (b) to the sound source, if that source is not within the Davies residence. Notwithstanding anything to the contrary, it shall not be a violation of this injunction with respect to sounds audible within the Davies property. (2) Respondents shall not make any statements to any third party regarding the Petitioners; provided, however, that Respondents may conduct business or file complaints with the homeowner's association.
The Respondents raise the following points of error on appeal:
1. The amended special condition 1 relating to the volume of sound (special condition 1) violates their right to free speech, right to privacy, and is overbroad or vague.
2. The amended special condition 2 relating to communications with third parties (special condition 2) violates their right to free speech, right to a fair trial, and is overbroad.
3. The imposition of the special conditions exceeds the relief prayed for thereby violating Mirella Davies's right to due process.
4. The district court manifested bias and/or prejudice when it amended the special conditions.
5. The district court abused its discretion in imposing the special conditions.
Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised, as well as the relevant statutory and case law, we resolve the Respondents' points of error as follows:
(1) Special condition 1 is not overly broad or vague and does not violate the Respondents' right of free speech. The restriction on the volume of sound from a device based upon that sound being audible 30 feet from the source does not necessarily violate free speech. In State v. Ewing, 81 Hawai`i 156, 914 P.2d 549 (App. 1996), this court held that Revised Ordinances of Honolulu (ROH) § 41-31.1, which made it unlawful to play a device for sound reproduction from a vehicle at a volume audible from 30 feet from the source of the sound, was not overbroad so as to infringe upon free speech because it "does not regulate the content of the sound from the reproducing device." Id. at 164, 914 P.2d at 557. The same can be said of special condition 1, which does not restrict the content of the sound, but rather its volume. See Cohen v. California, 403 U.S. 15, 21 (1971) ("government may properly act in many situations to prohibit intrusion into the privacy of the home of unwelcome views and ideas which cannot be totally banned from the public dialogue").
Special condition 1 does not violate the Respondents' right to privacy. A person cannot reasonably have a privacy interest in that which is exposed to the public. State v. Augafa, 92 Hawai`i 454, 465, 992 P.2d 723, 734 (App. 1999); State v. Texeira, 62 Haw. 44, 49, 609 P.2d 131, 135 (1980). Since special condition 1 only restricts sound that can be heard outside of the Respondents' home, it does not interfere with their right to privacy.
(2) Special condition 2 violates the Respondents' right of free speech because it regulates the content of speech by the Respondents, by prohibiting them from discussing the Petitioners with third parties except in limited circumstances involving the homeowners' association. A curtailment of the right to free speech based on content is presumptively invalid. See R.A.V. v. St. Paul, 505 U.S. 377, 382 (1992). Special condition 2 is neither narrowly drawn nor necessary to serve a compelling state interest. Statements that are entirely innocuous may nevertheless violate the Amended Order if they involve the Petitioners and are made by the Respondents to a third party.
The presumption of invalidity has not been overcome by the Petitioners. The Petitioners argue that special condition 2 is qualified by the definition of harassment, which requires that the conduct serves no legitimate purpose. See Hawaii Revised Statutes (HRS) § 604-10.5(a)(2). Courts may properly restrict statements made with the intent to harass. See Brekke v. Wills, 125 Cal. App. 4th 1400, 1409 (2005); Thorne v. Bailey, 846 F.2d 241, 243 (4th Cir. 1988) ("Prohibiting harassment is not prohibiting speech, because harassment is not a protected speech. Harassment is not communication, although it may take the form of speech."); see also Garcia v. State, 212 S.W.3d 877, 888-889 (Tex.App. 2006); Test Masters Educ. Servs. v. Singh, 428 F.3d 559, 580 (5th Cir. 2005). However, special condition 2 is not limited only to communications made with the intent to harass, but rather prohibits non-harassing speech as well.
Since we conclude that special condition 2 violates the Respondents' right to free speech, we do not address the effect of special condition 2 on their right to a fair trial.
(3) Mirella Davies was not denied due process of law because special condition 1 was of the kind prayed for in the demand for judgment.[2] The Respondents argue that Mirella Davies was denied due process of law because special condition 1 violated Hawai`i District Court Rules of Civil Procedure (DCRCP) Rule 54(c), which requires that a "judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment."
Preliminarily, we note that the DCRCP do not apply to "[a]ctions for relief from harassment maintained pursuant to HRS Section 604-10.5, as the same may be renumbered." DCRCP Rule 81(a)(4). However, the principle underlying DCRCP Rule 54(c) is a requirement of due process. See In re Genesys Data Technologies Inc., 95 Hawai`i 33, 38-39, 18 P.3d 895, 900-01 (2001).
The Petitioners prayed for injunctive relief against harassment and an award of attorneys' fees and costs. The Petition stated that the harassment included, inter alia, loud noise and music from the Respondents' home. Since special condition 1 enjoins the Respondents from engaging in the harassing behavior of creating noise audible in the Petitioners' home, it appears to fall within the prayer for relief.
Even if special condition 1 did not fall within the relief prayed for, Mirella Davies was not prejudiced by the default because she was represented by counsel at all proceedings after January 4, 2007, which contested the validity of the special conditions. The Amended Order states that "[a]t all subsequent hearings Eric L. Davies and Mirella M. Davies have been represented by Brian B. Custer and Gary L. Hartman." Respondents' opposition to Petitioners' motion for order to show cause was filed on behalf of "Respondents" in the plural by the attorneys for "Respondents." The motion for relief from order and motion for recusal were filed on behalf of both Eric L. Davies and Mirella M. Davies. Thus, Mirella Davies had the opportunity to litigate her interest in this matter in spite of her default on January 4, 2007. See Bank of Hawaii v. Horworth, 71 Haw. 204, 216, 787 P.2d 674, 681 (1990).
(4) The Respondents failed to establish that the district court judge was biased and/or prejudiced. On August 9, 2007, the Respondents filed a motion for recusal seeking to disqualify Judge Phillip Doi, which was noticed for a hearing on August 24, 2007. The record on appeal does not contain a written order or other disposition of that motion and there is no transcript in the record of any hearing on the motion.
The Respondents rely upon a number of factual bases to support their claim of bias on the part of the district court judge. Several of those allegations either relate to hearings for which the Respondents have not provided transcripts on appeal or discussions which allegedly took place off the record. The Respondents have the burden of presenting the appellate court with a sufficient record to demonstrate the alleged error. Bettencourt v. Bettencourt, 80 Hawai`i 225, 230, 909 P.2d 553, 558 (1995); Ling v. Yokoyama, 91 Hawai`i 131, 135, 980 P.2d 1005, 1009 (App. 1999). The current record before this court is insufficient to show the facts that the Respondents have alleged as the bases for establishing bias on the part of the district court judge. See Ling, 91 Hawai`i at 135, 980 P.2d at 1009; State v. Hoang, 93 Hawai`i 333, 336, 3 P.3d 499, 502 (2000).
We have reviewed the Respondents' other claimed examples of bias, and they are unsupported by the record or otherwise without merit.
Accordingly, the Respondents fail to demonstrate that the district court judge was biased.
(5) Having determined that special condition 1 did not violate the Respondents' right to privacy, free speech, or due process, we hold that the imposition of special condition 1 was not an abuse of discretion.[3]
Therefore,
IT IS HEREBY ORDERED that the First Amended Order Granting Petition for Injunction Against Harassment filed on July 31, 2007 is vacated with regard to special condition 2, and affirmed in all other respects.
NOTES
[1] The Honorable Phillip Doi presided.
[2] Having determined that special condition 2 violates the Respondents' right to free speech, we do not reach the due process issue as it relates to special condition 2.
[3] We do not address whether the district court abused its discretion as it relates to special condition 2 since we determined that special condition 2 violates the Respondents' right to free speech. See Section (2).