**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000124
05-OCT-2021
07:54 AM
Dkt. 62 SO**

NO. CAAP-18-0000124


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


ASSOCIATION OF APARTMENT OWNERS OF WAIAU GARDEN VILLA,
Plaintiff-Appellee,
v.
NOREEN C. LATORRE-HOLT, Defendant-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 1CC131000537)


**SUMMARY DISPOSITION ORDER**
(By:  Ginoza, Chief Judge, Hiraoka and Wadsworth, JJ.)

Defendant-Appellant Noreen C. **Latorre-Holt** appeals from **(1)** the "Order Granting in Part and Denying in Part Defendant Noreen C. Latorre-Holt's Motion to Set Aside Deficiency Judgment and to Quash Garnishee Summons Filed September 22, 2017[,]" entered by the Circuit Court of the First Circuit on September 10, 2021; and **(2)** the "Order Granting Plaintiff Association of Apartment Owners of Waiau Garden Villa's Motion for Reconsideration of Defendant Noreen C. Latorre-Holt's Motion to Set Aside Deficiency Judgment and to Quash Garnishee Summons Filed September 22, 2017[,]" entered by the circuit court on January 31, 2018.[1]  For the reasons explained below, we affirm order **(2)** (which unquashed the garnishee summons), but vacate order **(1)** to the extent it denied Latorre-Holt's motion to set aside the judgment against her, and remand for proceedings consistent with this summary disposition order.

---

[1]     The Honorable Dean E. Ochiai presided.

Plaintiff-Appellee **Association** of Apartment Owners of Waiau Garden Villa filed a complaint against Latorre-Holt on February 25, 2013. The complaint alleged that: Latorre-Holt owned a unit in the Waiau Garden Villa condominium; Latorre-Holt failed to pay common assessments; the Association conducted a non-judicial foreclosure on the unit; the Association was the sole bidder at the foreclosure auction, bidding $1.00; and because there were no proceeds from the foreclosure sale to pay the Association, the Association was entitled to a money judgment against Latorre-Holt for the amount she owed.

A "Return and Acknowledgment of Service" (**Return Form**) was signed by Sandra K.S. **Whang** and filed on March 14, 2013. The Return Form stated that Whang personally served the Association's complaint upon Latorre-Holt on March 11, 2013, at 94-1121 **Hilihua Place** in Waipahu. Accordingly, Latorre-Holt's response to the complaint was due on April 1, 2013.[2] The second page of the Return Form contained a space for the signature of a notary public, but that space was blank. The second page also contained a space for the signature of the person served, to acknowledge service, but that space was also blank.

Latorre-Holt did not serve an answer to the complaint. Her default was entered on April 4, 2013. The Association then filed a motion for summary judgment. A copy of the motion was mailed to the Hilihua Place address.

An order granting the Association's motion for summary judgment was entered on October 18, 2013. A copy of the order was mailed to the Hilihua Place address.

A **Deficiency Judgment** in favor of the Association and against Latorre-Holt for $19,980.66 was also entered on October 18, 2013.[3] A notice of entry of judgment and a copy of the Deficiency Judgment were mailed to the Hilihua Place address. The Association's counsel submitted a declaration stating that

---

[2]   The 20th day following service was Sunday, March 31, 2013.

[3]   The Honorable Edwin C. Nacino signed the order and the Deficiency Judgment.

none of the documents mailed to the Hilihua Place address had been returned as undeliverable.

Latorre-Holt did not appeal from the Deficiency Judgment.

Nothing further happened until August 28, 2017, when the Association submitted an ex parte motion for issuance of a garnishee summons to Admor HVAC Products. The circuit court issued the garnishee summons, which was filed on August 29, 2017.[4]

On September 22, 2017, Latorre-Holt filed a motion to set aside the Deficiency Judgment and to quash the garnishee summons (**Post-Judgment Motion**). The Post-Judgment motion contended that the Deficiency Judgment was void. It sought relief under Rule 60(b)(4) of the Hawaiʻi Rules of Civil Procedure (**HRCP**). Latorre-Holt submitted a declaration stating that she "was never served with the Complaint, Summons, or any other documents in this case," and that Whang's Return Form "is not true." She also declared that she first learned about the case when her employer began withholding her earnings after being served with a garnishee summons.

The Post-Judgment Motion was heard on November 16, 2017. At the conclusion of the hearing the circuit court stated:

> THE COURT: Well, with regard to [the] motion to set aside a deficiency judgment and quash garnishee summons, I'm going to grant in part and deny in part at this time.
>
> [Addressing counsel for Latorre-Holt], granted in part to quash the garnishee summons. ***Denied as to setting aside the deficiency judgment without prejudice***.
>
> Your motion at this point is not an attack on the validity of the [Deficiency Judgment]. It's just basically stop the garnishee. The Court is concerned about this entire case now since the document that started the entire lawsuit [the Return Form] is now in question, at least with this Court. I don't know what your client is going to do at this point, but I'm a bit perturbed that you didn't see this either [that the Return Form was not notarized].
>
> . . . .

---

[4] The Honorable Dean E. Ochiai signed the garnishee summons and presided over the remainder of the case.

> Okay. You can prepare the appropriate order. Case goes wherever it's going to go from this point.

(Emphasis added.)

On November 20, 2017, before a written order on the Post-Judgment Motion was entered, the Association filed a motion for reconsideration. The Association argued that Whang was not required to execute an affidavit of service, and that the Return Form contained a space for notarization only because HRCP Rule 4(g) required:

> When service is made by any person specially appointed by the court, that person shall make affidavit of such service.

A declaration signed by Whang stated that she "is a process server in the State of Hawaii [sic]." Since Whang was not specially appointed by the court (for example, by commission to serve process outside the state of Hawaiʻi), the Association maintained that she was not required to make an affidavit of service.

In opposition, Latorre-Holt argued that the Association could and should have made its argument in opposition to the Post-Judgment Motion. She made no other arguments. The Association replied that the issue about the Return Form did not arise until the hearing, when it was raised sua sponte by the court.

The circuit court entered the order granting the Association's motion for reconsideration and reinstating the garnishee summons on January 31, 2018. Latorre-Holt filed a notice of appeal.

After briefing was completed, we temporarily remanded this case under State ex rel. Office of Consumer Prot. v. Joshua, 141 Hawaiʻi 91, 93, 405 P.3d 527, 529 (2017) and Waikiki v. Hoʻomaka Vill. Ass'n of Apartment Owners, 140 Hawaiʻi 197, 204, 398 P.3d 786, 793 (2017), for entry of a written order disposing of the Post-Judgment Motion. The circuit court entered the written order quashing the garnishee summons but denying without prejudice Latorre-Holt's request to set aside the Deficiency Judgment on September 10, 2021. Latorre-Holt's notice of appeal

was deemed filed at that time. <u>See</u> Rule 4(a)(2) of the Hawai‘i Rules of Appellate Procedure.

Latorre-Holt states a single point of error:

> The circuit court committed reversible error in failing to quash the aforesaid garnishee summons and set aside its deficiency judgment, which were obtained as a result of insufficient service of process in violation of [Latorre-Holt]'s constitutional rights to due process of law, rendering those judgments [sic] void.

We first address the issue of whether the circuit court erred by failing to set aside the Deficiency Judgment. "A judgment is void only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." <u>Wagner v. World Botanical Gardens, Inc.</u>, 126 Hawai‘i 190, 195, 268 P.3d 443, 448 (App. 2011) (quoting <u>In re Genesys Data Techs., Inc.</u>, 95 Hawai‘i 33, 38, 18 P.3d 895, 900 (2001) (other citation omitted)). A circuit court's HRCP Rule 60(b)(4) determination is reviewed de novo, under the right/wrong standard. <u>Id.</u> at 194, 268 P.3d at 447.

The Association argues that this appeal is "an untimely attempt at appealing the Deficiency Judgment." That is not correct. "[A] judgment may be declared void upon a HRCP Rule 60(b)(4) motion regardless of how much time has passed between entry of judgment and filing the motion." <u>Wagner</u>, 126 Hawai‘i at 195, 268 P.3d at 448 (quoting <u>Bank of Haw. v. Shinn</u>, 120 Hawai‘i 1, 11, 200 P.3d 370, 380 (2008)) (other citations omitted).

The Association also argues that Latorre-Holt has not met the three-part test for setting aside a default under <u>BDM, Inc. v. Sageco, Inc.</u>, 57 Haw. 73, 76, 549 P.2d 1147, 1150 (1976), <u>abrogated by</u> <u>Chen v. Mah</u>, 146 Hawai‘i 157, 177, 457 P.3d 796, 816 (2020). Even if <u>BDM</u> — which concerned an HRCP Rule 55(c) motion to set aside an entry of default, not an HRCP Rule 60(b) motion to set aside a default judgment — applied, "we do not consider the <u>BDM</u> test in this case where the default judgment was void due to lack of service of process." <u>Wagner</u>, 126 Hawai‘i at 196, 268 P.3d at 449 (citations omitted).

5

Latorre-Holt contends the Deficiency Judgment is void because she was never served with the Association's complaint. The order granting in part and denying in part the Post-Judgment Motion states:

> The court finds that service of the Complaint herein on Defendant LATORRE-HOLT was not properly documented due to lack of a notary of the process server's signature on the Return of Service filed March 14, 2013.

The circuit court's finding was actually a conclusion of law. Respectfully, it is incorrect. HRCP Rule 4 provides, in relevant part:

> **PROCESS.**
>
> **(a) Summons: Issuance.** Upon the filing of the complaint the clerk shall forthwith issue a summons. Plaintiff shall deliver the complaint and summons for service to a person authorized to serve process. . . .
>
> . . . .
>
> **(c) Same: By Whom Served.** Service of all process shall be made: (1) anywhere in the State by the sheriff or the sheriff's deputy, by some other person specially appointed by the court for that purpose, or ***by any person who is not a party and is not less than 18 years of age***. . . .
>
> . . . .
>
> **(g) Return.** The person serving the process shall make proof of service thereof to the court promptly and in any event within the time during which the person served must respond to process. ***When service is made by any person specially appointed by the court, that person shall make affidavit of such service.***

(Bold italics added.) Whang's declaration states she is a process server in Hawaiʻi. She was not a party to the action. She was not "specially appointed by the court" to serve the Association's complaint. We conclude that the Return Form need not have been notarized.

Whang's declaration states — consistent with the Return Form — that she personally served the Association's complaint upon Latorre-Holt at the Hilihua Place address. Latorre-Holt's declaration states that she was never served with the complaint, that Whang's Return Form is not true, and that she first learned about the case when her employer began withholding her earnings

after being served with a garnishee summons. If in fact the Association's complaint was never served on Latorre-Holt, the Deficiency Judgment would be void for lack of jurisdiction over Latorre-Holt. Wagner, 126 Hawaiʻi at 196, 268 P.3d at 449. Accordingly, there was a factual issue concerning service of the complaint, which should have been resolved by an evidentiary hearing on the Post-Judgment Motion.

Regarding the order granting the Association's motion for reconsideration, Latorre-Holt argues that the garnishee summons should have remained quashed because the Deficiency Judgment was void. The circuit court, however, denied Latorre-Holt's motion to set aside the Deficiency Judgment. Although the denial was "without prejudice," HRCP Rule 60(b) provides that a "motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation." Latorre-Holt could have filed an HRCP Rule 62(b) motion to stay enforcement of the Deficiency Judgment pending final disposition of her HRCP Rule 60(b)(4) motion. Because she did not, it was not error for the garnishee summons to issue even though Latorre-Holt's motion to set aside the Deficiency Judgment was denied without prejudice. See Peacock v. Thomas, 516 U.S. 349, 359 n.8 (1996) ("The district court may only stay execution of the judgment pending the disposition of certain post-trial motions . . . if the court provides for the security of the judgment creditor."); Owens v. Republic of Sudan, 141 F.Supp.3d 1, 11 (D. D.C. 2015) (applying former federal Rule 62(b)(4), which was substantively identical to HRCP Rule 62(b)).[5]

Based upon the foregoing:

1. the "Order Granting Plaintiff Association of Apartment Owners of Waiau Garden Villa's Motion for Reconsideration of Defendant Noreen C. Latorre-Holt's Motion to Set Aside Deficiency Judgment and to Quash Garnishee Summons Filed September 22, 2017[,]" entered on January 31, 2018, is affirmed; but

---

[5] We express no opinion about Latorre-Holt's potential remedies for the garnishment should the circuit court set aside the Deficiency Judgment on remand.

2.    the "Order Granting in Part and Denying in Part Defendant Noreen C. Latorre-Holt's Motion to Set Aside Deficiency Judgment and to Quash Garnishee Summons Filed September 22, 2017[,]" entered on September 10, 2021, is vacated, and this case is remanded for the circuit court to conduct an evidentiary hearing on Latorre-Holt's HRCP 60(b)(4) motion, and for further proceedings consistent with this summary disposition order.

DATED:  Honolulu, Hawaiʻi, October 5, 2021.

On the briefs:

Arlette S. Harada,
Tiffany N. Dare,
for Plaintiff-Appellee.

Keith M. Kiuchi,
for Defendant-Appellant.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge