[No. 38422.    Department One.    November 3, 1966.]

IRENE BLOOD, *Appellant,* v. PAUL BLOOD, *Respondent.**

*Chavelle, Chavelle & Greenway,* for appellant.

*Geo. H. Crandell,* for respondent.

HUNTER, J.—This appeal arises from a decree of divorce entered in favor of both spouses in an action brought by Irene Blood, plaintiff (appellant), on grounds of cruelty. No children were born of this marriage. A review of the

*Reported in 419 P.2d 1006.

evidence of marital discord leading up to this action is unnecessary since this appeal deals, for the most part, with the division of property by the trial court. The trial court's award was based on a finding of $5,000 in community assets and consisted of a grant of $2,500 to the wife, representing her community interest, also an inheritance of $3,500. $122,000 was awarded to the husband based on the court's finding that certain securities and real estate were his separate property. The plaintiff appeals.

One day prior to the trial of this cause, the defendant (respondent), Paul Blood, filed what is designated as a "pretrial affidavit." Attached to this affidavit was a list of real and personal property with the value stated after each item, and the words "husband" or "wife."

In its oral decision, the trial court stated:

I think I can enter findings in accordance with the affidavit of the defendant as to property. I believe it is all his separate property.

■ The plaintiff contends that the trial court erred in considering the "pretrial affidavit." The defendant argues that the affidavit "was stipulated to by the plaintiff" when she testified on direct examination that the affidavit was an approximate list of the property. We disagree with the defendant's argument. This admission, by the plaintiff, could do nothing more than designate the items of the property belonging to the parties; it had no relevance to character or value. The consideration by the trial court of the contents of this affidavit other than as substantiated by the testimony of the parties constituted error.

■ The plaintiff further contends that the trial court's finding of only $5,000 in value of community property is not supported by the record. The record discloses that the defendant husband admitted acquiring stock in substantial amounts in excess of $5,000 during the marriage with earnings from his employment. There was no evidence to the contrary in the absence of the consideration of the defendant's "pretrial affidavit." This stock under these circumstances must be presumed to be community property. The

682

trial court therefore erred in its determination of the value of the community property.

■ The trial court in a divorce action is not bound to award all the separate property to the party acquiring it or to divide the community property equally; but in any disposition of the property of the parties, under RCW 26.08-.110, the court must have in mind the correct character and status of the property as community or separate before any theory of division is ordered. *Shaffer v. Shaffer,* 43 Wn.2d 629, 262 P.2d 763 (1953).

The judgment of the trial court is reversed and the cause remanded for a new trial on the issue of the award of the property belonging to the parties; the decree of divorce is otherwise affirmed.

Costs will abide the final determination of the cause.

ROSELLINI, C. J., OTT and HALE, JJ., and SOULE, J. Pro Tem., concur.