[No. 248-41270-1.   Division One—Panel 1.   October 13, 1970.]

ROY  C.  PETERSON, *Appellant*,  v.  ENID  C.  PETERSON, *Respondent.*

*Patrick H. Shea*, for appellant.

*Jordan, Adair, Kasperson & Hennessey* and *Stanley N. Kasperson*, for respondent.

UTTER, J.—Roy C. Peterson, the appellant, brought an action seeking a divorce from his wife of 10 years, Enid C. Peterson, respondent. Both parties had been previously married. No children were born of their present marriage, but respondent had three children by a previous marriage.

Appellant was employed continuously during the marriage as a steel worker and grossed over $22,000 the last

year of the marriage. Respondent was employed all but 1 year during the marriage as an office worker and was earning approximately $5,500 at the time of divorce. Both parties had separate property at the time of their marriage. Each owned an equity in a residence, some furniture and automobiles. Appellant had a bank account and some savings bonds on which his mother's name appeared as co-owner.

Appellant has a retirement plan which provides for monthly retirement of $400 and will vest in 1971. If he chooses to work beyond that time, the retirement benefits will increase. His social security benefits are in addition to the sums available through the company retirement program. In addition, major medical insurance and life insurance of a current face value of $45,000 is provided for him by his employer.

Respondent has no retirement plan or company health or life insurance provided for her.

Appellant urges nine assignments of error. Three of these are directed to written findings of fact and three to comments of the court in its oral opinion. In his remaining assignments, the appellant contends the court must label the items of property as separate or community in making disposition of the assets of the parties and objects to an order requiring appellant to pay respondent's attorney's fee.

The first two assignments of error are directed to findings made by the trial court indicating the parties made no attempt to segregate or keep their respective separate assets in fact separate and to the court's finding that appellant has a substantial retirement plan and health and life insurance coverages provided for him through his employment. There is evidence in the record to support both findings. The appellant did in fact keep some of his savings and bonds acquired during the marriage in bank accounts in his name; however, there is no testimony the parties agreed or understood these earnings were to be separate. There is testimony the accounts were in a depleted state at the time of the marriage and increased during the mar-

riage. Five thousand dollars in bonds acquired during the marriage as well as property acquired on Guemes Island were in the names of both parties. The evidence in the record conclusively supports the trial court's finding regarding the nature of appellant's retirement benefits. These findings will not be disturbed.

The third assignment of error of appellant attacks the award made by the trial court to appellant. Without detailing the specific items awarded, the total dollar value which could be assigned to the award of the respondent was $33,-744 and that to the appellant, $23,850. The award to respondent included $13,800 in cash and bonds with a face value of $4,000.

This court will not interfere with the trial court's disposition of property in a divorce action unless there is a *manifest* abuse of discretion. *Rehak v. Rehak*, 1 Wn. App. 963, 465 P.2d 687 (1970); *Mayo v. Mayo*, 75 Wn.2d 36, 448 P.2d 926 (1968). *Rehak* discussed in detail those elements that constitute the basis for our review of discretionary acts by the trial court and concluded the court would reverse a discretionary act only where it could say no reasonable man would take the view adopted by the trial court.

In *Rehak* we noted in *absence* of significant statutory factors or equities, it has been held community property should be divided more equally than one-third to one party and two-thirds to the other. *Wills v. Wills*, 50 Wn.2d 439, 312 P.2d 661 (1957). Where statutory factors or equities *are* present, the disposition need only be just and equitable and wide latitude and discretion is vested in the trial court. *Robuck v. Robuck*, 62 Wn.2d 917, 385 P.2d 50 (1963).

'The dollar value of the award to the parties is not equal. There are, however, statutory factors and equities present which make it impossible for us to say no reasonable man could take the view adopted by the trial court. The dramatically wide gulf in earning ability between the two parties and the disparity in retirement provisions available to appellant as contrasted with respondent, make clear the man-

date of RCW 26.08.110 and the case law, as summarized in *DeRuwe v. DeRuwe*, 72 Wn.2d 404, 433 P.2d 209 (1967), was followed by the trial court.

    The assignments of error directed to the oral opinion of the court will not be considered. The written findings of fact are the proper subject of complaint by appellant, not statements in the oral opinion. *Johnson v. Whitman*, 1 Wn. App. 540, 463 P.2d 207 (1969); *Ferree v. Doric Co.*, 62 Wn.2d 561, 383 P.2d 900 (1963).

Appellant next contends RCW 26.08.110 requires the labeling of items of property as separate or community and cites *Blood v. Blood*, 69 Wn.2d 680, 419 P.2d 1006 (1966).

    RCW 26.08.110 does not contain such a requirement. It requires the court shall make "such disposition of the property of the parties, either community or separate, as shall appear just and equitable, . . ." In *Blood v. Blood, supra* at 682 the court did indicate that the trial court "must *have in mind* the correct character and status of the property as community or separate before any theory of division is ordered." (Italics ours.) In the *Blood* case, however, the decision indicates the trial court did not take testimony on the exact nature of the property before it, whether community or separate and relied instead on a pretrial affidavit which was only an approximate list of the property and had no relevance to the character or value of the property. An examination of the record in this case indicates there was ample testimony to establish both the character and value of the property before the court and that the trial court had this in mind when it disposed of the property. The trial judge's statement in his oral opinion that, "I am not inclined to label any of it separate or any of it community or worry about any designation" is not in conflict with either the statute or the holding of the *Blood* case.

    Appellant's final assignments of error are directed to the trial court's award of an additional $500 for respondent's attorney's fees to be paid by appellant. The award of attorney's fees is within the sound discretion of the trial court and will not be reversed unless untenable or mani-

festly unreasonable. *Mayo v. Mayo, supra.* The disparity in earning capacity and respondent's testimony that her monthly expenses were $600 and her earnings only $400 convinces us there was no abuse of discretion.

The judgment of the trial court is affirmed.

JAMES, C. J., and SWANSON, J., concur.