[No. 8969–2–I. Division One. June 7, 1982.]

*In the Matter of the Marriage of* MICHAEL Y. THOMPSON, *Respondent, and* MARGARET E. THOMPSON, *Appellant.*

180

*Wendy Gelbart,* for appellant.

*Malcolm L. Edwards* and *Edwards & Barbieri,* for respondent.

DURHAM, J.—Margaret Thompson (respondent below)

appeals the denial of her motion to vacate a default judgment taken against her in this dissolution action. A rather detailed procedural history of the case is necessary to explain why the default was entered.

Wife is a citizen of the United Kingdom and has lived in the United States since 1968. She and respondent Michael Thompson (petitioner below) were married in 1969 and have two children, Hope (d.o.b. 1/5/73) and Amy (d.o.b. 5/11/75). Husband petitioned for dissolution of the marriage on October 12, 1978. Wife's then attorney, Blair Paul, accepted service on her behalf. The petition alleged that the Thompsons were separated, that wife presently had custody of the children, that the "best interest of the minor children will be served by the award of custody to the wife," with reasonable visitation rights to husband, that husband should pay $200 per month for support of the children, and that community property should be divided equitably.

The parties lived separately under this arrangement and nothing further was done in the dissolution action for a full year. Early in December 1979, husband learned that wife had sold everything in the family home and had taken the children with her to England. Husband immediately sought, and was granted, a temporary restraining order which ordered wife to return the children to Washington state. Wife failed to appear personally at a show cause hearing (her attorney did appear) held on December 11, 1979. The court ordered her to return the children to Washington state or face contempt and an order of default, and it awarded husband temporary custody of the children pending trial. The court also ordered the family court to investigate and report on the custody issue. Husband made his motion for default judgment on December 18, 1979.

The family court's custody report concluded that husband was a concerned and able parent with an appropriate home for the girls, but reserved its recommendation on custody since it had not interviewed wife. On December 28, 1979 the Superior Court issued the order requiring the

return of the minor children to Washington. In it the court found that wife had not received actual notice of the earlier temporary restraining order or the order on order to show cause. Because of the lack of notice, the court concluded that it could not find wife in contempt, nor enter default judgment as requested by husband. The court found that wife's counsel, Blair Paul, had not been terminated by wife, but had not been able to communicate with her since early December 1979. The court continued the contempt and default issues until February 4, 1980 to allow counsel for both parties time to arrange personal service on wife.

The December 28 order was served on wife in Southampton, England on January 4, 1980, by an English process server. Upon obtaining an address for wife, her attorney wrote to her on January 7 and January 22. According to his affidavit he advised her to obey the order, informed her of the possible property and custody consequences of her actions, and requested instructions. Wife did not respond to these communications.

Meanwhile, in an attempt to counter the Washington proceedings, wife hired solicitors and petitioned the English courts to make her children wards of the court. There is no doubt that wife knew of the pending motion for default and the February 4 hearing date.

Wife did not return from England by February 4. Attorney Blair Paul appeared at the hearing in her behalf, but the appearance was stricken by the court as sanction for her contempt in failing to return the children to Washington. At the same time, attorney Paul moved for withdrawal, which was granted. Three weeks later, the court ordered the amendment of the February 4 order of default, findings and decree of dissolution to strike all reference of wife's appearance through attorney Paul.

At the February 4 hearing, the court found that wife had had notice by personal service of the hearing and that she was in default. The court entered a decree dissolving the marriage, and found that the best interests of the children would best be served by awarding husband custody. The

property was divided as follows: husband received the family residence, with a net value of $31,000, and a parcel of land with a net value of zero, plus all personal property remaining. Wife received a lien on the house amounting to one–half of the equity plus $1,000 for release of her community interest in personal property minus $5,569.92 representing expenses incurred by husband in behalf of wife.

Wife returned to Washington state and filed her motion to vacate the default and related orders on May 22, 1980. On May 30 the court found that wife had notice of the February 4 hearing and was afforded due process, and concluded that the decree and findings were properly entered. Wife appeals the May 30 order denying her motion to vacate.

Wife addresses three assignments of error to the relief granted by the default judgment. She alleges that by granting custody of the children to husband, the court awarded relief in excess of that requested in the petition, and that the default, therefore, violates manifest justice and due process.

The standard under which we must review wife's allegations is familiar. A motion to vacate a default judgment is addressed to the discretion of the trial court, and its decision will not be disturbed absent abuse of that discretion. *Griggs v. Averbeck Realty, Inc.,* 92 Wn.2d 576, 599 P.2d 1289 (1979). An abuse of discretion is "discretion manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons." *State ex rel. Carroll v. Junker,* 79 Wn.2d 12, 26, 482 P.2d 775 (1971). We must determine if the trial court abused its discretion in refusing to set aside the default judgment.

The rule is established in Washington that a party to a lawsuit may voluntarily default and in so doing rely on the relief requested in the pleadings. A defaulting party should expect that the relief granted will not exceed or substantially differ from that sought in the complaint. *Sceva Steel Bldgs., Inc. v. Weitz,* 66 Wn.2d 260, 401 P.2d 980 (1965); *Columbia Vly. Credit Exch., Inc. v. Lampson,*

12 Wn. App. 952, 533 P.2d 152 (1975).

Wife cites *Sheldon v. Sheldon,* 47 Wn.2d 699, 289 P.2d 335 (1955), a dissolution case similar to the instant case in which the plaintiff husband alleged in his complaint that the welfare of the children would best be served by awarding custody to the wife. The wife defaulted and the court awarded custody to the husband. On appeal the Supreme Court reversed, holding that "[a] defendant has a right to allow a default to be taken against him, secure in the knowledge that the judgment or decree will not exceed the demand of the complaint." *Sheldon,* at 703. The court found that the wife had not received notice of the trial court's proposed custody decision, and that the resulting judgment, entered without notice or an opportunity to be heard, was void. *Sheldon,* at 702–03.

Although the issue decided in *Sheldon* was almost identical to that now before this court, the cases differ somewhat factually. In *Sheldon,* the wife had no notice. The facts on either side of the instant case are not clear. Wife knew of the default hearing of February 4, 1980, and chose not to appear. Denial of the motion to vacate was, therefore, correct as to the default. Yet the record contains no evidence of husband's amendment of his petition regarding his intent to seek permanent custody, and is unclear as to wife's notice of his intent. Although wife was in contempt by ignoring the December 28 order, and the default judgment as to the decree and the property division was proper, husband's failure to amend the petition and the inadequacy of the record as to wife's notice raise serious questions concerning the validity of that part of the judgment awarding permanent custody to husband. *Sheldon v. Sheldon, supra.* At stake is the welfare of the children who play no active role in this litigation, but who are directly affected by the outcome.

In denying the motion to vacate, the trial court found that "the Order of Default and order of the Court heretofore entered" against wife gave her notice of the Washington proceedings, and that the petition was amended so as

to provide a proper basis for the decree. The record contains no tenable grounds to support the trial court's findings. *State ex rel. Carroll v. Junker, supra.* Absent a proper amendment of the petition and notice to wife, the default order and decree were void as to the custody issue, and in that respect should have been vacated.

Wife argues that the entire default judgment is void because she received no notice of default. We disagree, since the December 28 order, service of which she received in England, referred specifically to the default hearing scheduled for February 4. Furthermore, her attorney received a copy of the motion for order of default in December 1979. He then attempted to correspond with her, once her address was known. She may not take advantage of her own failure to communicate with her counsel during this critical time period. She had adequate notice of the default proceedings undertaken against her. After she failed to appear on February 4, entry of default judgment was proper.

 Wife next challenges the disposition of property contained in the decree. The basis for her objection to the property division is that it is not fair. Trial courts have wide discretion to divide property equitably in dissolution proceedings. *Peterson v. Peterson,* 3 Wn. App. 374, 475 P.2d 576 (1970). We find no abuse of the court's discretion in this property division.

 Wife's brief contains three further arguments. She claims that the trial court abused its discretion by awarding custody to husband as punishment for wife's contempt. She also contends that the court erred in allowing her attorney to withdraw immediately before default was entered against her, as she received no notice of this withdrawal as required by CR 71. Finally, she challenges the entire dissolution proceeding as being void because she was not served with a summons. None of these issues were argued before the trial court. We will not consider them for the first time on appeal. *Commercial Courier Serv., Inc. v. Miller,* 13 Wn. App. 98, 533 P.2d 852 (1975).

We reverse that portion of the decree which awarded custody of the children to husband and remand for a full hearing thereon. Costs and attorney's fees shall abide the final result.

## Addendum

Sometime during the weekend of April 10, 1982, appellant again removed the minor children from this country in direct violation of a court order. Ironically, the above opinion had already been signed, but not filed, holding in appellant's favor that the matter be remanded to the trial court for a full hearing on child custody. Respondent then filed a motion to dismiss the appeal noting, *inter alia,* the financial and emotional costs that appellant's conduct had caused. After further consideration, we remain convinced that the best interests of the children require remand of this matter to the superior court, so that it may consider all facts and circumstances relating to the children's welfare, including what reason, if any, appellant may offer for her highly inappropriate conduct. Our decision is, in part, motivated by the fact that the children have been returned from Toronto where they had been taken by appellant.

Appellant's counsel has also filed a motion to withdraw. We deny that motion without prejudice, so that counsel may renew it before the trial court upon remand.

ANDERSEN, C.J., and RINGOLD, J., concur.