

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| IN THE MATTER OF THE MARRIAGE OF | ) ) ) | No. 36474-7-III |
| LINDA L. MITROVICH , | ) ) | |
| Respondent, | ) ) | UNPUBLISHED OPINION |
| And | ) ) | |
| SVETISLAV MITROVICH, | ) ) | |
| Appellant. | ) | |

FEARING, J. — Svetislav Mitrovich appeals rulings issued by the trial court in his

marital dissolution proceeding.  Because ample evidence supports all rulings and because

the dissolution court did not abuse its discretion, we affirm all rulings.

FACTS

Svetislav and Linda Mitrovich married on April 12, 1985 in Spokane.  Linda and

Svetislav separated on June 16, 2016 when Svetislav relocated to Port Townsend.  Linda

was 70 years old and Svetislav 75 years old at the time of trial in 2018.

Svetislav Mitrovich purchased the family home before the marriage.  Svetislav

deeded the residence to the marital community in 1986, a year after the marriage.  The

parties maintained and improved the home and paid the mortgage during the marriage. At the time of trial, the value of the home was $220,000. The couple owed no mortgage on the home at trial.

Between 1986 and 2012, Svetislav and Linda Mitrovich operated Northwest Map Service, a map store that served local and international clients. The business maintained Banner Bank account #5136 held in the name only of Svetislav. Although both Linda and Svetislav worked in the business, Linda never received wages. The couple attributed business earnings as Svetislav's earnings for social security purposes. The business ceased operations in 2013, but small amounts of income from copyright fees continued to be received thereafter.

On July 15, 2007, Linda Mitrovich fell from a ladder and injured herself at a farm on Greenbluff. In 2010, Linda received a personal injury settlement of $136,427. The settlement was only for Linda's pain and suffering and all economic damages, including lost wages, were waived. Svetislav asserted no claim as a result of the injury. Linda deposited the settlement funds in a separate Banner Bank account. Linda used some of the proceeds of the settlement to pay her medical expenses. She purchased a 2012 Subaru Forester with $5000 from insurance proceeds and $20,000 of her separate funds. Linda wrote checks from the separate Banner Bank account for more than $30,000 to the household account and business account during 2010-2011, when Northwest Map

Service lacked income to pay business or household expenses. Linda also withdrew more than $6,000 from her separate Banner Bank account for repairs on the family residence.

Linda Mitrovich inherited numerous bank and investment accounts and certificates of deposit on the death of her mother, Mildred Brossia. Before the mother's death, the mother and daughter held the accounts as joint tenants. None of the financial accounts named Svetislav. Brossia named Linda, but not Svetislav, as beneficiary in her will. Brossia lived with Svetislav and Linda Mitrovich for seven years prior to her death, and Svetislav assisted in her care.

At the time of separation of the couple, Linda Mitrovich maintained the following financial accounts in her name only:

| | |
|---|---|
| Banner Bank account 0527 | $ 6,715 |
| Banner Bank account 929 | $ 31,972 |
| Bank of America IRA | $ 6,418 |
| The Principal Funds | $ 270,559 |
| Edward Jones annuity trust | $ 63,601.43 |
| Bank of America CDs | $ 2,001 |
| Thrivent Insurance | $ 6,490 |

Clerk's Papers (CP) at 444. The couple did not have any individual retirement accounts, annuities, life insurance, retirement accounts, or pension funds.

In May 2016, Northwest Map Service's business account, Banner Bank #5136, held a balance of $27,082. On separation from Linda, Svetislav Mitrovich opened Banner Bank account #6967 in his name only and transferred the total balance from account #5136 to newly opened account.

Following separation, Linda opened Bank of America accounts #3937 and #8218. At trial, those accounts respectively maintained balances of $682 and $1,501. At separation, the parties owed $1,637 on a Nordstrom Visa card.

During the marriage, Linda Mitrovich paid $15,000 for a small apartment to be built in Mexico. Linda's mother gave her the $15,000 purchase money. Also during the marriage, the couple purchased a 1998 Toyota Tacoma with money accrued from Northwest Map Service.

At the time of trial, Linda Mitrovich garnered monthly income of $854 from Social Security and $1,129 from dividends on investments. Linda suffered from poor health and paid over $1,000 per month for copays, treatment, physical therapy, uncovered expenses, and prescriptions.

At the time of trial, Svetislav Mitrovich received social security of $1,969 per month plus small sums from copyright royalties. He did not own the home, in which he resided.

## PROCEDURE

On December 27, 2016, Linda Mitrovich filed a petition for dissolution. Pursuant to a temporary order of July 19, 2017, the trial court ordered each party to pay his or her own health, medical, and auto insurance. Nevertheless, Linda had paid Svetislav's auto insurance beginning in January 2017 and continued to pay the insurance until April 2018. The premium paid totaled $933.84.

Under the temporary order, Linda Mitrovich resided in the family's Spokane residence. Linda paid the property taxes and home insurance premiums in 2017.

The parties proceeded to trial on April 30, 2018. Svetislav Mitrovich represented himself during trial.

During trial, Svetislav and Linda Mitrovich primarily disputed the division of property following the lengthy thirty year marriage. Svetislav wished to be awarded the family home. He argued that the residence was his separate property since he purchased the home before marriage. The trial court noted that Svetislav lacked funds to pay Linda for any interest the court might find she held in the home, but that Svetislav did not want the home sold. The court valued the residence at $220,000 and awarded the home to Linda Mitrovich since she garnered little income.

Linda Mitrovich characterized the prospective Mexico apartment as her separate property. Svetislav argued that the Mexico property was a community asset. Nevertheless, he presented no evidence to contradict that Linda purchased the apartment solely from her separate funds. The trial court found the apartment to be Linda's separate property and valued it at $2,000 as the apartment had not yet been built.

Svetislav Mitrovich claimed an interest in the numerous accounts that Linda inherited on her mother's death. Svetislav emphasized that the mother lived with the couple and he assisted in her care for seven years. The trial court found the inheritance to be Linda's separate property. The dissolution court also ruled that any funds remaining

from Linda's tort settlement to be her separate property. According to the court, Linda never commingled funds from her inheritance or her tort settlement with community funds.

The trial court valued the Subaru Forester at $11,445, with twenty percent, or $2,289, being community property and eighty percent, or $9,156, being Linda's separate property. The trial court found the Toyota Tacoma to be community property since the couple purchased the pickup during marriage. Linda valued the truck at $3,500, while Svetislav valued the vehicle at $2,200. The trial court valued the truck at $2,871.

The trial court found Svetislav Mitrovich's Banner Bank account #6967 to be community funds, since Svetislav deposited business earnings in the account. The trial court placed the account in Svetislav's column for distribution purposes. The dissolution court characterized Banner Bank household account #0502 of $968.17 as community property and awarded the total to Linda. The trial court characterized Linda's Bank of America accounts #3937 and #8218, with the respective values of $682 and $1,501, to be Linda's separate property.

The dissolution court awarded $6,554 in community household goods to Svetislav and $271 to Linda. The court based the values of the goods on evidence presented by Linda.

The trial court deemed the debt of $1,637 owed on the Nordstrom Visa obligation at the time of separation to be a community debt. Linda paid the debt after the filing of the petition, and the court credited her for the payment.

Based on the dissolution court's assessment of asset values, the court valued community assets at $261,435. The court determined the community debts totaled $1,637, all of which Linda Mitrovich paid. Thus, the net community estate held a value of $259,798. The court awarded Linda $221,891, or eighty five percent, of the community assets and Svetislav $37,907, or fifteen percent, of the community property.

The dissolution court valued Linda Mitrovich's separate property at over $400,000. In turn, Svetislav Mitrovich's separate assets were minimal. During trial, Svetislav argued he placed all of his separate assets, such as the family home, into the community, whereas Linda kept her separate property assets distinct. For those reasons, Svetislav wished to have the home and other assets deemed separate property assets and awarded to him. The trial court concurred that Svetislav transferred some of his separate property to the community, but noted that it could not change the characterization of the property. The court could, however, consider the extent of the separate property in making an equitable distribution.

When dividing property, the dissolution court noted that the parties received approximately the same amount of income each month. Nevertheless, Linda encountered higher expenses, because of her health needs.

7

When considering only the community assets, the trial court determined a transfer payment from Linda to Svetislav necessary to afford an equitable distribution. Accordingly, the trial court ordered Linda to pay Svetislav $130,000 to be offset by the amount Svetislav owed for Linda's auto insurance payment and attorney fees awarded to Linda.

At the conclusion of trial, Linda Mitrovich sought an award of attorney fees based on Svetislav's intransigence. Linda alleged that her husband caused the litigation to expand unnecessarily by seeking fifteen years of records during discovery and by denying Linda access to password protected home computers, which housed some of those records. The trial court found "some instances of intransigence, including multiple hearings due to Mr. Mitrovich's failure to comply with discovery requests and untenable legal theories." CP at 448. Linda incurred $45,000 in attorney fees and costs. The trial court found that Linda did not incur most of the fees due to intransigence and awarded Linda attorney fees of $10,000.

After entry of findings of fact, conclusions of law, and the decree of dissolution, each party filed a motion for reconsideration. In Linda's motion, she posited that the dissolution court rendered a mathematical error because it failed to include a $37,907 credit given to Svetislav in community property when calculating the transfer payment.

On reconsideration, the trial court agreed with Linda Mitrovich that it made a calculation error. The dissolution court had intended to order Linda Mitrovich to pay

$91,992 to Svetislav but included the wrong number of $130,000 in a memorandum opinion. Therefore, the court granted Linda's motion for reconsideration and ordered the equalization payment to be $91,992. The trial court amended finding number 22 to read:

> The Court finds the total Community Assets is $ 223,528.00 and the the [sic] total Community debt is $1637. The Net Community estate is $221,891.00.
> An equal division of all community assets is $ 91,992.00 to each party. [T]he Wife is to pay the Husband a transfer payment for a total community property award to him of $91,992.00. Accordingly a transfer payment less the $933.84 auto insurance and $10,000 attorney's fees, of $ 81,058.16 is to be paid to Mr. Mitrovich. Such payment to be paid to the Husband no later than 60 days following the entry of the Decree. The Husband is to remove all property awarded to him from the residence no later than 75 days from the entry of the Decree.

CP at 675 (boldface and underline omitted).

## LAW AND ANALYSIS

On appeal Svetislav Mitrovich assigns error to the dissolution court's granting of Linda's motion for reconsideration, characterization of separate and community property, the amount of the equalization payment, and award of reasonable attorney fees to Linda.

## Motion for Reconsideration

Svetislav Mitrovich contends that the dissolution court, when granting Linda's motion for reconsideration, abused its discretion because the court failed to take into account the extent of Linda's separate property in making its distribution of assets and committed mathematical errors in such distribution. We review a trial court's order granting or denying a motion for reconsideration for a manifest abuse of discretion.

9

*Wilcox v. Lexington Eye Institute*, 130 Wn. App. 234, 241, 122 P.3d 729 (2005).  A trial court abuses discretion when its decision is based on untenable grounds or reasons. *Wilcox v. Lexington Eye Institute*, 130 Wn. App. at 241.

Linda Mitrovich moved for reconsideration under CR 59(a)(9) and CR 60(b)(1) and (11).  CR (59)(a) provides grounds for a new trial or reconsideration.  On the motion of a party aggrieved, reconsideration may be granted if substantial justice has not been done.  Under CR (60)(b), a party may seek relief from a final judgment, order or proceedings based on (1) mistakes, inadvertence, surprise, excusable neglect or irregularity in obtaining a judgment or order, or (11) any other reason justifying relief from the operation of the judgment.

In her motion for reconsideration, Linda Mitrovich noted a discrepancy in the calculation used by the trial court.  Linda correctly observed that the trial court failed to consider that it credited Svetislav Mitrovich with $37,907 in community property and the court should have deducted this sum from the transfer payment.  The dissolution court did not abuse its discretion when correcting its calculation error.  CR 60(b)(1).  To the extent that Svetislav challenges the reasonableness of the division after granting reconsideration, we address the challenge in another section of this opinion.

Equalization Payment

Svetislav Mitrovich contends that the trial court abused its discretion by miscalculating the equalization payment in its findings and conclusions. Svetislav first contends that the trial court miscalculated the net community assets as being $221,891, when the correct total is $259,798. Svetislav next argues that, assuming the net community assets to be worth $221,891, an equal division of the assets would be $110,945. We disagree with the first contention, which renders the second contention irrelevant.

Svetislav Mitrovich misreads the trial court's findings. Based on the evidence, the dissolution court determined the total community estate equaled $261,435, of which $223,528 was awarded to Linda and $37,907 to Svetislav. The community debt totaled $1,637, all of which was paid by Linda. After subtracting the community debt from the total community assets, the total net value of the community equaled $259,798. Therefore, the court awarded Linda $221,981, $223,528 less $1,637. In equalizing the net community estate, each party received $129,899, one half of the net community assets. Svetislav received $37,907 in property, which included his vehicle, the $27,082 he removed from a bank account before separation, and personal property. When subtracting this amount from Svetislav's half of the net community estate, the proper transfer payment was $91,992, the sum the trial court determined on reconsideration.

11

Accordingly, the transfer payment, minus the $933.84 auto insurance and $10,000

attorney fees, equaled $81,058.16.

Equitable Distribution

Next Svetislav Mitrovich challenges the the dissolution court's division of assets.

We will reverse a property division only for a manifest abuse of discretion.  *In re*

*Marriage of Muhammad*, 153 Wn.2d 795, 803, 108 P.3d 779 (2005).

RCW 26.09.080 provides:

> In a proceeding for dissolution of the marriage . . . the court shall, without regard to misconduct, make such disposition of the property and the liabilities of the parties, either community or separate, as shall appear just and equitable after considering all relevant factors including, but not limited to:
> (1) The nature and extent of the community property;
> (2) The nature and extent of the separate property;
> (3) The duration of the marriage . . . ; and
> (4) The economic circumstances of each spouse . . . at the time the division of property is to become effective, including the desirability of awarding the family home or the right to live therein for reasonable periods to a spouse . . . with whom the children reside the majority of the time.

The dissolution court need not afford any factor greater weight than any other.  *In re*

*Marriage of Konzen*, 103 Wn.2d 470, 478, 693 P.2d 97 (1985).

Before dividing the couple's property, the dissolution court must characterize the

property as community or separate.  *Blood v. Blood*, 69 Wn.2d 680, 682, 419 P.2d 1006

(1966).  Characterization of the property need not control the division, however.  *Baker v.*

*Baker*, 80 Wn.2d 736, 745-46, 498 P.2d 315 (1972).  In the end, the dissolution court

must divide the property based on what is fair, just and equitable under all the

circumstances. *Baker v. Baker*, 80 Wn.2d at 746.

Equitable division of property does not require mathematical precision, but rather

fairness based on consideration of all circumstances of the marriage. *In re Marriage of*

*Tower*, 55 Wn. App. 697, 700, 780 P.2d 863 (1989). The distribution of property need

not be equal to be "'just and equitable.'" *In re Marriage of Tower*, 55 Wn. App. at 700.

Svetislav Mitrovich contends that the trial court failed to follow the requirements

of RCW 26.09.080 because the trial court failed to mention the extent of Linda's separate

property. In turn, Svetislav argues the trial court erred by awarding Linda Mitrovich all

of her separate assets in excess of $400,000 but failed to give consideration to the

inequity it caused by leaving Svetislav with only his half of the community property

minus offsets for his share of the property distribution. Linda responds that Svetislav

ignores the trial court's consideration of all circumstances, including the parties' ages,

health, and the need to meet future health care needs when the couple failed to save

money for retirement.

Our review of the record shows that the dissolution court considered all the

evidence, including the amount of separate and community property, and accurately

characterized Linda Mitrovich's inherited funds and tort settlement as her separate

property. In turn, the court noted that Svetislav had minimal separate property. The

court deemed important the parties' ages, monthly income, and health care needs. Thus, the court did not abuse its discretion in its division of property.

The trial court awarded Linda Mitrovich the entirety of her separate property of $400,000 and her full half share of the community property, which may seem unfair or unequal without considering other circumstances. Nevertheless, a property distribution need not be equal to be just and equitable. *In re Marriage of Tower*, 55 Wn. App. at 700.

Attorney Fees in Superior Court

In a dissolution proceeding, the trial court has authority to award attorney fees based on the needs of the parties or intransigence. RCW 26.09.140; *In re Marriage of Greenlee*, 65 Wn. App. 703, 708, 829 P.2d 1120 (1992). Awards of attorney fees based on intransigence of one party have been granted when the party filed repeated unnecessary motions, engaged in "'foot-dragging,'" or made the trial overly difficult and increased legal costs by his or her actions. *In re Marriage of Greenlee*, 65 Wn. App. at 708. This court reviews a trial court's award for abuse of discretion. *In re Marriage of Mattson*, 95 Wn. App. 592, 604, 976 P.2d 157 (1999).

While citing *SentinelC3, Inc. v. Hunt*, 181 Wn.2d 127, 331 P.3d 40 (2014), Svetislav Mitrovich contends that the trial court must enter findings of fact that explain how any intransigence caused the opposing party attorney fees. He adds that the trial court failed to make findings on the identity of any untenable legal theories, the delay caused by any such theory, and the costs incurred by the assertion of any such theory.

*SentinelC3* provides little help to Svetislav Mitrovich. In that case, the high court

discussed an award of attorney fees pursuant to RCW 23B.13.310 and held that a trial

court "must supply findings of fact and conclusions of law sufficient to permit a

reviewing court to determine why the trial court awarded the amount in question."

*SentinelC3, Inc. v. Hunt*, 181 Wn.2d at 144. *SentinelC3* did not involve an award of

attorney fees based on intransigence. To the contrary, this court has held that, in a

marital dissolution, the trial court need not enter specific findings to justify a fee award

for intransigence. *In re Marriage of Greenlee*, 65 Wn. App. at 708-09 (1992).

The dissolution court awarded Linda Mitrovich $10,000 in attorney fees based on

Svetislav's intransigent. Linda had requested $45,000. The trial court found that

instances of intransigence included multiple hearings due to Svetislav's failure to comply

with discovery requests. The record supports this finding. Svetislav ignored Linda's

discovery requests until the court addressed the requests in her motion to compel, which

necessitated a hearing on October 20, 2017. A second motion to compel hearing was

held on November 17, 2017, when Linda requested the passwords to computers in the

home, which housed the parties' financial records. Although the court required Svetislav

to provide Linda the passwords to the computers, Svetislav continually refused, thereby

necessitating Linda to hire a computer expert to obtain access.

The trial court ordered the parties to engage in mediation. When Svetislav

Mitrovich refused to agree to a mediator and date for mediation, Linda needed to bring a

motion to compel mediation. The trial court selected the mediator. Mediation was unsuccessful after three meetings, due in part to Svetislav's unreasonable settlement tactics. Therefore, Linda needed to hire a professional to appraise community assets.

The record also shows Svetislav Mitrovich forwarding the untenable legal theories that the home was his separate property when he knowingly deeded the home to the community, that Linda's inheritance was community property when Linda's mother did not name Svetislav as a beneficiary in her will, and that the parties separated on a date other than his move to Port Townsend. The evidence supports the trial court's award of reasonable attorney fees to Linda.

## Attorney Fees on Appeal

Both parties request an award of reasonable attorney fees against the other on appeal. Svetislav Mitrovich seeks recovery on the basis of his need and Linda Mitrovich's ability to pay. Because Svetislav's appeal lacks merits, because both parties have limited income, and because of Linda's medical needs, we deny Svetislav's application for fees.

Linda Mitrovich seeks reasonable attorney fees, but only identifies the need to file a motion with the trial court to settle the record as grounds for the award. Linda brought the motion based on Svetislav's unsupported allegation that some of the trial court's statements were not made part of the record. The trial court granted the motion and reserved an award of attorney fees for this reviewing court.

We grant Linda Mitrovich reasonable attorney fees and costs solely attributed to her motion to settle the record before the superior court. Linda or her counsel should file a declaration that identifies those fees and costs. Our court commissioner will then decide the reasonableness of the amount sought for this task.

## CONCLUSION

We affirm all dissolution court rulings. We grant Linda Mitrovich reasonable attorney fees and costs on appeal solely attributed to her motion to settle the record.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Fearing, J.

WE CONCUR:

_____
Korsmo, J.

_____
Pennell, C.J.

17