Bernard S. Meyer, J.
Plaintiffs in July, 1964 entered into a contract with Trend Set Construction Corporation for remodeling work on plaintiffs’ home. The contract was signed on behalf of the corporation by defendant Schnitter, as salesman, and a retail installment obligation incorporating the terms of the contract was signed by plaintiffs and on behalf of the corporation by defendant Samet, as president. Claiming breach of that contract, plaintiffs sued Trend Set and on December 10, 1964 obtained judgment by default in the amount of $10,647.33. A motion to open the default of the corporation was made on the basis of an affidavit of defendant Samet traversing service on the corporation. When that motion came on to be heard it was stipulated that the judgment be vacated upon the corporation’s filing a surety bond of $7,500. The bond was never filed and on May 14,1965 an order denying the motion to open the default was entered.
*668 Thereafter, in 1966 plaintiffs discovered that no certificate of incorporation had ever been filed for Trend Set Construction Corporation. They then brought the instant lawsuit against defendants Samet and Sehnitter. In their first cause of action plaintiffs allege the making of the contract on behalf of the purported corporation, that the corporation never existed, that defendants impliedly warranted their authority to act on behalf of the corporation, that defendants were the real parties in interest and breached the contract to plaintiffs’ damage in the amount of $10,000. In the second cause plaintiffs seek to recover expenses incurred in bringing the 1964 action against the corporation.
Defendant Sehnitter has defaulted. Defendant Samet’s answer admits execution of the retail installment obligation as alleged in paragraph 8 of the complaint but denies that she executed it as president of the corporation as alleged in paragraph 9, denies the implied warranty of authority, and denies the breach of contract. It also pleads affirmative defenses of release, waiver, laches, dismissal of a prior suit against another legal entity, ratification, unjust enrichment, de facto corporation and estoppel. Plaintiffs now move for summary judgment and, contending that the judgment in the 1964 action is res judicata on the issues of breach and damages, ask immediate entry of judgment. The motion is granted to the extent of striking defendant Samet’s answer, except as to damages, and the matter is set down on the Trial Term, Part I calendar for the opening day of the September 1969 Term for assessment of damages, assessment being delayed until that time to allow for the service of plaintiffs’ bill of particulars as ordered on companion motion decided herewith and for examination of plaintiffs as to damages, if defendant Samet be so advised.
“ The affidavit submitted in opposition to the motion * * * is conclusory and does little more than restate [the] pleadings. Triable issues of fact are not established merely by repeating the allegations of the pleadings ” (Siren Realty Corp. v. Biltmore Prods. Corp., 27 A D 2d 519, 520.) Defendant “must state his version, and he must do so in evidentiary form” (Kramer v. Harris, 9 A D 2d 282, 283). The bald denial of paragraph 9, when the retail installment obligation referred to in paragraph 8 and annexed to the complaint as Exhibit B is signed “ Trend Set Const. Corp. by Marilyn Samet, Pres.” is meaningless. Moreover, measured by the standard of the Siren Realty and Kramer eases, none of the other denials or affirmative defenses except de facto corporation are supported “in evidentiary form ” by defendant’s affidavits.
*669 On the de facto corporation issue, defendant alleges that she hired an attorney to file all papers necessary for incorporation, paid a fee, received a seal, and did business as a corporation, and that “ The failure to file the Certificate of Incorporation was not my fault * * * I had every right to assume that the attorney hired for this purpose would * * * [file] the Certificate of Incorporation ’ Unfortunately for defendant those allegations evidence a malpractice claim against the attorney involved, but do not constitute a defense to the claims made against her in the present action. More is required to establish the de facto corporation defense than giving instructions to an attorney; there must have been a colorable attempt to comply with the statutes governing incorporation made before the event against which the defense is asserted (Kiamesha Development Corp. v. Guild Props., 4 N Y 2d 378, 388) and 11 without any certificate of incorporation having been even prepared or acknowledged ” there can be no de facto corporation. Since defendant does not allege that any certificate of incorporation was ever prepared, it is unnecessary to consider whether failure ultimately to file a certificate of incorporation is fatal to the defense, but see Kiamesha Development Corp. v. Guild Props. (supra, and cases cited p. 388); Card v. Moore (68 App. Div. 327, affd. 173 N. Y. 598); Childs v. Smith (55 Barb. 45, revd. on other grounds 46 N. Y. 34); Matter of Planz (Sees) (282 App. Div. 552); Stevens v. Episcopal Church History Co. (140 App. Div. 570, 579); 11 N. Y. Jur., Corporations, p. 145, § 44; 1 White, New York Corporations (13th ed.), par. 403.03, n. 21; Ann. 22 A. L. R. 376; Ann. 37 A. L. R. 1319.
Having contracted in the name of a nonexistent corporation, defendant Samet is personally liable (Fuller v. Rowe, 57 N. Y. 23; Puro Filter Corp. v. Trembley, 266 App. Div. 750; Worthington v. Griesser, 77 App. Div. 203) and since the corporation did not have de facto existence and defendant makes no claim that plaintiffs knew the corporation to be nonexistent until after entry of the 1964 judgment, the doctrine of estoppel cannot be invoked against plaintiffs, Puro Filter Corp. v. Trembley (supra). Defendant Samet may also be held upon the implied-in-law warranty of her authority to act on behalf of the nonexistent corporation (Moore v. Maddock, 251 N. Y. 420).
Plaintiffs are, therefore, entitled to summary judgment, but defendant is not foreclosed by the 1964 judgment from litigating the issue of damages. The predicate of either res judicata or collateral estoppel is a valid prior judgment. The 1964 judgment upon which plaintiffs rely to establish the amount of their damages was obtained by default against a nonexistent *670 corporation. Since the corporation was nonexistent, the court obtained jurisdiction over no one, its judgment determined nothing and being void cannot be asserted as an estoppel (Boston & Maine R. R. v. Delaware & Hudson Co., 268 N. Y. 382, 392; Reed v. Chilson, 142 N. Y. 152; City of White Plains v. Hadermann, 272 App. Div. 507; Restatement, Judgments, § 78, Comment c; § 79, Comment c; 9 Carmody-Wait 2d, New York Practice, § 63.217; 50 C. J. S., Judgments, p. 158, § 703). Nor are plaintiffs aided in this respect by defendant Samet’s supposed position as sole stockholder of Trend Set or her abortive efforts to have the 1964 judgment vacated. She was not a party to the prior action and could neither be in privity with a nonentity nor be bound by a void judgment against it. Rules relating to stockholder-corporation privity or to a nonparty’s control of prior litigation (see Restatement, Judgment, § 84) are simply inapplicable on the facts of the present case. The 1964 “ judgment ” against Trend Set no more forecloses defendant’s litigation of issues that could have been urged in that action by Trend Set than the contract in the name of Trend Set protects defendant against individual liability, or, to put it another way, plaintiffs cannot urge the nonexistence of Trend Set as the basis of defendant’s liability and in the same breath argue the validity and binding effect of the 1964 judgment.
Defendant asks .summary judgment in her favor on the second cause of action on the ground that attorney’s fees can be recovered only when a contract or statute so provides. However, a plaintiff who seeks in good faith to enforce a contract against a third person for whom defendant undertook to contract is entitled in an action against defendant to recover the expenses of the abortive first action, including reasonable attorney’s fees (White v. Madison, 26 N. Y. 117, 129; Howells v. Albert, 37 Misc 2d 856).
Plaintiffs are, therefore, entitled to have both causes of action set down for assessment. Under the circumstances the action against defendant Schnitter will not be severed. Rather the inquest against him and the assessment against defendant Samet will be tried together.