■ FRENCH AMERICAN BANKING CORPORATION, Respondent, v NORMAN STERN et al., Appellants.—The appeal from an order of the Supreme Court, New York County, entered April 5, 1978, granting summary judgment to

plaintiff and denying summary judgment to defendants Stern, Kirschbaum and Chou is deemed an appeal from judgment of the Supreme Court, entered May 31, 1978 in favor of plaintiff. Judgment of the Supreme Court, New York County, entered May 31, 1978 and order entered April 5, 1978, granting summary judgment to plaintiff and denying summary judgment to defendants Stern, Kirschbaum and Chou, unanimously reversed, on the law, with costs and disbursements, to the extent of denying summary judgment to plaintiff. Appeal from order of the Supreme Court, New York County, entered April 19, 1978, denying reargument is dismissed, without costs or disbursements, on the ground that an order denying reargument is nonappealable. Technically, the appeal from the order granting summary judgment to plaintiff is dismissible and that order is reviewable only on appeal from the judgment. Nevertheless, in the interest of judicial economy, we have deemed the appeal from the order of April 5, 1978 to be an appeal from the later judgment (National Bank of North Amer. v Kory, 63 AD2d 579; Chase Manhattan Bank, Nat. Assn. v Roberts & Roberts, 63 AD2d 566). Unlike Special Term, we find that the record is not conclusive that JLA International Trading Co., Inc., was a fictitious or nonexistent corporation. In addition, as to defendant Worrilow, it is, further, open to question whether he acted or participated in a corporate capacity on behalf of said "corporation". Moreover, the record is not conclusive that JLA International Trading Co., Inc., and John Lawrence Trading Corp., the latter an existing Pennsylvania corporation, are one and the same. In the circumstances, there are present issues of fact that require resolution before it can be determined who is liable for the loans obtained and to what extent. (See Fuller v Rowe, 57 NY 23; see, also, Conway v Samet, 59 Misc 2d 666.) Concur—Kupferman, J. P., Birns, Fein, Lupiano and Yesawich, JJ.