HELEN MATSUSHIMA, JOSEPH REGO, ROBERT REGO, ROSE NOBREGA, MARTIN REGO, MARGARET RAPOZO, ALICE KAPOHAHIMOHEWA, and MANUEL REGO, JR., Plaintiffs-Appellants *v.* JOHN REGO, Defendant-Appellee.

NO. 10007

(CIVIL NO. 2715)

MARCH 19, 1985

LUM, C.J., NAKAMURA, PADGETT, HAYASHI, AND WAKATSUKI, JJ.

OPINION OF THE COURT BY LUM, C.J.

This is an appeal from an order dismissing Appellant's action for cancellation of a deed conveying their interest in certain lands owned by their mother, intestate deceased Maui K. Rego, to Appellee. Appellants contest the lower court's conclusion that a previous probate proceeding was res judicata on the issue of heirship raised in Appellant's suit for cancellation. We reverse the ruling of the lower court.

I.

Appellants and Appellee are the children and heirs of Maui K. Rego who died intestate on May 28, 1949. At the time of her death, deceased owned five parcels of land located at Hanamaulu, Kauai. On November 30, 1970, Appellants, by quit claim deed, conveyed their interest in the property to Appellee allegedly with the understanding that he would negotiate exchanges with non-family title holders to lands comprising the family burial plot.

On February 26, 1981, Appellee filed a Petition for the Determination of Heirs with the Circuit Court acting in probate.[1] The petition asked the court to show that decedent had died intestate leaving her children as surviving heirs and next of kin, that dece-

---

[1] Hawaii Revised Statutes § 603-21.7 provides:
Nonjury cases. The several circuit courts shall have jurisdiction, without the intervention of a jury except as provided by statute, as follows:

(a) Of actions or proceedings:
(1) For the determination and declaration of heirs of deceased persons, which jurisdiction shall be in addition to the probate jurisdiction of the court; . . . .

dent owned the specified five parcels of land at the time of her death, and that in 1970 Appellants conveyed their real property interests to Appellee. It specifically prayed for the following relief:

(1) That this court set a date for the hearing of said Petition;

(2) That service herein be made by publication as authorized by law directed and addressed to all persons, known or unknown, having or claiming to have any right, title, or interest in and to the estate of said decedent;

(3) That upon and following a hearing on this Petition, this Court determine and declare the heirs at law of said decedent;

(4) And for such other and further relief as this court may deem just in the premises.

A hearing was held on April 16, 1981. Though some of the listed heirs appeared, they were not represented by counsel. The court found that decedent's children were the heirs at law of her estate consisting of the land in question. However, because of a dispute as to the conveyance, it withheld entry of its final order to allow Appellants an opportunity to obtain counsel and to file an answer. An attorney was retained and negotiations conducted but nothing was ever filed. The court entered a default judgment on August 18, 1981 determining, among other things, that Appellants had conveyed all of their interest in the property to Appellee.[2] In effect, the order quieted title.[3]

---

[2] Specifically, the Judgment provided:
5. That all the above named heirs did convey all of their interest in the above parcels to John Rego by deed dated November 30, 1970, recorded in the Bureau of Conveyances of the State of Hawaii, in Liber 3376, Page 333.

[3] Hawaii Revised Statutes provides:

CHAPTER 669
QUIETING TITLE

\*     \*     \*

§ 669-1 Object of action. (a) Action may be brought by any person against another person who claims, or who may claim adversely to the plaintiff, an estate or interest in real property, for the purpose of determining the adverse claim.

(b) Action for the purpose of establishing title to real property may be brought by any person who has been in adverse possession of the real property for not less than twenty years.

(c) Action under subsection (a) or (b) shall be brought in the circuit court of the circuit in which the property is situated.

## II.

Appellant argues that because the probate courts order quieting title exceeded the relief specifically prayed for in the Petition to Determine Heirship, its ruling in the matter is void and not res judicata as to their subsequent civil suit to set aside the deed. We agree.

The doctrine of res judicata is predicated upon a valid judgment and a void judgment may not be used to invoke its application. *Conway v. Sanset,* 59 Misc. 2d 666, 300 N.Y.S.2d 243, 247 (1969); 46 Am. Jur. 2d *Judgments* § 440. Generally, a default judgment constitutes a binding adjudication of all the rights of the parties embraced in the prayer for relief which arise from the facts stated in the complaint. *Yuen v. London Guar. & Acc. Co., Et Al.,* 40 Haw. 213, 222-23 (1953). Rule 54(c) of the Hawaii Rules of Civil Procedure codifies the rule. It provides:

> Demand for Judgment. *A judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment.* Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings.
> (Emphasis added).

By its plain meaning, HRCP Rule 54(c) restricts the scope of relief that may be granted by default judgment to that specifically prayed for. The Federal Rules of Civil Procedure upon which the Hawaii rule is based has been similarly interpreted.

> A default judgment cannot give to the claimant greater relief than the pleaded claim entitles him to and Rule 54(c) provides that such a judgment "shall not be different in kind from or exceed in amount that prayed for in the demand for judgment." Since the prayer limits the relief granted in a judgment by default, both as to the kind of relief and the amount, the prayer must be sufficiently specific that the court can follow the mandate of the Rule.

6 Moore's Federal Practice § 54.61.

The purpose of the rule is to provide a defending party with adequate notice upon which to make an informed judgment on whether to default or actively defend the action. 10 C. Wright,

A. Miller & E. Cooper, Federal Practice and Procedure § 2663 (1983); *in accord, In re Marriage of Thompson*, 32 Wash. App. 179, 646 P.2d 163 (1982); *Continental Casualty Co. v. Barlar*, 55 Ala. App. 441, 316 So. 2d 690 (1975). Equity requires that the defendant be able to decide based on the relief requested whether to incur the considerable expense and trouble of litigation. *Id.*

In the instant case, the demand for judgment contained in the pleadings did not pray for quieting of title. The judgment as to that matter is void and the doctrine of res judicata inapplicable to the subsequent suit to settle the title controversy. The lower court's dismissal of that action was error.

Reversed.

*Calvin Murashige (Shiraishi & Yamada,* of counsel) for Plaintiffs-Appellants.

*Tatsuo Asari* for Defendants-Appellees.