**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000003
29-JUL-2022
08:03 AM
Dkt. 72 MO**

NO. CAAP-19-0000003

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

MD, Plaintiff-Appellant, v.
JR, Defendant-Appellee

APPEAL FROM THE FAMILY COURT OF THE SECOND CIRCUIT
(FC-D NO. 02-1-0199)

MEMORANDUM OPINION
(By: Hiraoka, Presiding Judge, and Wadsworth and Nakasone, JJ.)

This appeal arises out of post-divorce proceedings between self-represented Plaintiff-Appellant MD (**Mother**) and Defendant-Appellee JR (**Father**) regarding child support for their adult child, DR (**Child**). Mother appeals from the December 5, 2018 "Judgment Granting [Father's] Motion to Cease Support Payments through [Hawaiʻi Child Support Enforcement Agency (**CSEA**)] to Adult Child[;] Order Defaulting [Mother]" (**Default Judgment**), entered in the Family Court of the Second Circuit (**Family Court**).[1]

After Mother missed a November 16, 2018 hearing on Father's May 22, 2018 motion for post-decree relief (**Motion for Post-Decree Relief**), the Family Court orally granted entry of default against Mother for failing to appear and later entered the Default Judgment. The court ordered, among other things, that Father's payments for adult child support cease and that he be credited $700 per month from September 1, 2017, toward overdue child support payments.

---

[1] The Honorable Adrianne N. Heely presided.

On appeal, Mother raises several points of error related to the Default Judgment, the denial of her November 19, 2018 motion for reconsideration,[2] and the denial of her subsequent motions seeking relief from judgment pursuant to Hawaiʻi Family Court Rules (**HFCR**) Rule 60.  We construe Mother's contentions as asserting in part that the Family Court erred in entering the Default Judgment by granting relief beyond that sought in Father's Motion for Post-Decree Relief.  Mother also contends that the Family Court erred in entering default against her and proceeding with a proof hearing pursuant to HFCR Rule 55(b).

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by Mother,[3] we resolve her contentions as follows, and vacate and remand.

## I.  Background

On September 2, 2005, the Family Court entered a divorce decree that, among other things, awarded Mother sole legal and physical custody of Child and ordered Father to make monthly child support payments to Mother.  Thereafter, the parties filed multiple post-judgment motions over the course of many years.

As relevant to this appeal, on May 22, 2018, Father filed the Motion for Post-Decree Relief.  The motion referenced a May 22, 2017 order by the family court[4] reducing Father's child support obligation to $204 (from $904) per month effective July 1, 2017 "[o]n the condition that the adult child's tuition, books, housing and board are paid and Father covers adult child through his employer's health insurance plan and the source of funding is from a source that is a gift with no repayment obligation[.]"  Father asserted in the Motion for Post-Decree

---

[2]    Mother's December 21, 2018 notice of appeal is deemed to appeal the disposition of her timely filed motion for reconsideration.  See Hawaiʻi Rules of Appellate Procedure (**HRAP)** Rule 4(a)(3).

[3]    Father did not file an answering brief.

[4]    The Honorable Lloyd A. Poelman presided.

2

Relief that "Child has access to funds that will pay in full, tuition, books, housing and boarding and the source of the funding is a gift with no repayment obligation." Based on this assertion, Father sought to reduce his child support payments by $700 per month and also requested a credit of $700 per month "backdated to September 1, 2017[,]" with the credit applied toward "child support arrears."

On September 5, 2018, Mother filed a response to the Motion for Post-Decree Relief. Mother asked the court to deny the motion and to keep Father's $904 per month child support obligation in place or to "increase the monthly obligation according to the Child Support Guidelines worksheet[.]" Mother argued that Father's child support obligation should not be reduced because the conditions set forth in the May 22, 2017 order had not been met. Mother also asserted, among other things, that Father "should immediately pay his missed child support obligation from May, June, July and August of 2018 . . . ."

On September 10, 2018, the Family Court held a hearing on Father's Motion for Post-Decree Relief. Mother and Father both attended. The court set a contested hearing on the matter for November 16, 2018, at 1:30 p.m. and notified the parties that if they did not appear, "default may be sent [sic] entered." The court also informed Father, "[i]f we do go to hearing, it may work against you," based on the income and expense report attached to Mother's opposition, which purportedly showed that Father would owe $1200, rather than $900, per month in child support.

On November 9, 2018, Mother filed a position statement further opposing the Motion for Post-Decree Relief, an income and expense statement, and related exhibits. On the same date, Mother filed a motion to continue the November 16, 2018 hearing, which the Family Court denied. It appears, however, that the court allowed Mother to appear by telephone at the scheduled hearing date and time to "explain[] why she wanted to continue or give her an opportunity to respond."

On November 16, 2018, at 1:10 p.m. – twenty minutes before the scheduled hearing – Father filed "[Father's] Objection to Allow [Mother] to Appear by Telephone at November 16, 2018 Evidentiary Hearing on [Father's] Motion for Post Decree Relief Filed 5/22/2018[,] Motion for Default" (**Motion for Default**). Father sought termination of his child support obligation on the basis that "[Mother] has failed to follow court orders, filed required documents or provide evidence adult child is enrolled in college full time based on CSEA requirements on passing 12 credits per semester or even appear in person to testify." (Formatting altered.) The Motion for Default was unsigned and did not include a certificate of service.

On November 16, 2018, Mother failed to appear at the hearing by telephone or in person. The Family Court granted entry of default against Mother, conducted a "proof hearing" pursuant to HFCR Rule 55(b) (quoted infra), ordered that Father's child support obligation be "set aside," and granted Father credit of $700 per month from September 1, 2017, to be applied toward his "child support arrearages."

On November 19, 2018, Mother filed a motion for reconsideration (**Motion for Reconsideration**). She explained that she had called in to the November 16, 2018 hearing fifty minutes late because she had not accounted for "the fact that Hawaii does not adjust for daylight savings."[5] Mother acknowledged her mistake and stated, "she is respectfully asking for reconsideration as she does not believe that the child's well being should be jeopardized as a result of the honest mistake she made." Mother also filed a proposed order granting her Motion for Reconsideration, which the court denied on November 30, 2018.

On December 5, 2018, the Family Court entered the Default Judgment. It stated in relevant part:

> The Court grants the motion for default against [Mother] with prejudice as this is the second default for non-appearance in this matter and [Mother] was severely warned against future non-appearances prior to this motion date.

---

[5] At the time, Mother was living in Switzerland.

> The court grants [Father's] motion for post-decree relief to set aside withholding payments through CSEA for adult child support payments for [Child].  CSEA will cease garnishment of [Father's] bi-weekly income withholding.
>
> The court will credit [Father] $700 per month towards child support arrearages backdating to September 1, 2017 for a total 15 months or a grand total of $10,500 which shall be submitted to CSEA and reflect on the arrearages outstanding balance effective immediately.

(Formatting altered.)

On December 21, 2018, Mother filed the following documents in the Family Court:  (1) "[Mother's] Motion to Set Aside the Entry of Default Judgement [sic] Entered on November 16, 2018 Regarding [Father's] Post Decree Motion Filed May 22, 2018" (**First Rule 60(b) Motion**); (2) "[Mother's] Appeal and Request for a Hearing Regarding the Order Granting [Father's] Proposed Judgment on December 5, 2018" (**Notice of Appeal**); (3) "[Mother's] Motion for Relief From Default Judgement [sic] Entered on November 16, 2018 Regarding [Father's] Post Decree Motion Filed May 22, 2018" (**Second Rule 60(b) Motion**); and (4) "Motion and Affidavit for Post-Decree Relief" (**Mother's Additional Post-Decree Motion**).

On February 4, 2019, the Family Court issued the "Findings of Fact, Conclusions of Law and Orders[] . . ." (**FOFs/COLs/Orders**).  The FOFs/COLs/Orders:  (1) denied the Motion for Reconsideration; (2) denied the Notice of Appeal, as it also had been filed in this court; (3) "serve[d] another courtesy notice" that the First Rule 60(b) Motion, the Second Rule 60(b) Motion (collectively, **First and Second Rule 60(b) Motions**), and Mother's Additional Post-Decree Motion had been set for hearing on February 25, 2019; and (4) issued an order to show cause why Mother should not be declared a vexatious litigant under Hawaii Revised Statutes (**HRS**) § 634J-1, also set for hearing on February 25, 2019.

At the February 25, 2019 hearing,[6] the Family Court orally denied the First and Second Rule 60(b) Motions, set a July 10, 2019 hearing on Mother's Additional Post-Decree Motion, and reserved the vexatious litigant issue.  The record does not

---

[6] Both parties appeared by telephone.

contain written orders denying the First and Second Rule 60(b) Motions or a notice of appeal from any such orders.[7] We thus lack jurisdiction over the Family Court's disposition of the First and Second Rule 60(b) Motions. We consider Mother's appeal from the Default Judgment below.

## II. Discussion

The sanction of a default or default judgment "is a harsh one." Rearden Family Trust v. Wisenbaker, 101 Hawaiʻi 237, 254, 65 P.3d 1029, 1046 (2003). "Generally, [defaults and] default judgments are not favored because they do not afford parties an opportunity to litigate claims or defenses on the merits." In re Genesys Data Techs., Inc., 95 Hawaiʻi 33, 40, 18 P.3d 895, 902 (2001). "[A]ny doubt should be resolved in favor of the party seeking relief [from a default or default judgment], so that, in the interests of justice, there can be a full trial on the merits." Rearden Family Trust, 101 Hawaiʻi at 254, 65 P.3d at 1046) (quoting Lambert v. Lua, 92 Hawaiʻi 228, 235, 990 P.2d 126, 133 (App. 1999)).

Here, Mother challenges the Default Judgment on the ground, among others, that it granted new or additional relief to Father that was not sought in the Motion for Post-Decree Relief, and was granted without notice to Mother. Mother does not dispute that she was given notice of the November 16, 2018 hearing, but argues that she did not receive notice of Father's Motion for Default, which sought to terminate rather than reduce his child support obligation.

---

[7] On March 12, 2019, Mother filed a document in this appeal entitled "Appellant Amended Appeal." The document contains argument regarding Mother's appeal from the Default Judgment. Although Mother refers to the First and Second Rule 60(b) Motions and the February 25, 2019 hearing, she does not designate or attach any written orders denying the motions (see HRAP Rule 3(c)(2)) and she does not purport to appeal from any such written orders. See KNG Corp. v. Kim, 107 Hawaiʻi 73, 77, 110 P.3d 397, 401 (2005) (an "oral decision is not an appealable order"); see also Enos v. Pac. Transfer & Warehouse, Inc., 80 Hawaiʻi 345, 355-56, 910 P.2d 116, 126-27 (1996) ("an amended notice of appeal relates back to the notice of appeal it purports to amend[;] it does not appeal an order, judgment or decree entered subsequent to the notice of appeal it purports to amend" (quoting Chan v. Chan, 7 Haw. App. 122, 129, 748 P.2d 807, 811 (1987)).

HFCR Rule 54(c) provides:

> <u>A judgment by default shall not be different in kind from or exceed in amount that which was prayed for in the demand for judgment</u>.  Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in the party's pleadings.

(Emphasis added.)

The supreme court has construed the nearly identical language of Hawaiʻi Rules of Civil Procedure (**HRCP**) Rule 54(c) as restricting "the scope of relief that may be granted by default judgment to that specifically prayed for."  <u>Matsushima v. Rego</u>, 67 Haw. 556, 559, 696 P.2d 843, 846 (1985).

> A default judgment cannot give to the claimant greater relief than the pleaded claim entitles him to and Rule 54(c) provides that such a judgment "shall not be different in kind from or exceed in amount that prayed for in the demand for judgment."  Since the prayer limits the relief granted in a judgment by default, both as to the kind of relief and the amount, the prayer must be sufficiently specific that the court can follow the mandate of the Rule.

<u>Id.</u> (quoting 6 <u>Moore's Federal Practice</u> § 54.61).  "The purpose of the rule is to provide a defending party with adequate notice upon which to make an informed judgment on whether to default or actively defend the action."  <u>Id.</u> (citing 10 C. Wright, A. Miller & Kane, <u>Federal Practice and Procedure</u> § 2663 (1983)).  "Equity requires that the defendant be able to decide based on the relief requested whether to incur the considerable expense and trouble of litigation."  <u>Id.</u> (citing 10 C. Wright *et al.*, <u>Federal Practice and Procedure</u> § 2663; <u>see also</u> <u>Bank of Hawaii v. Horwoth</u>, 71 Haw. 204, 215, 787 P.2d 674, 680 (1990) ("[I]t would be fundamentally unfair to give greater or different relief from that prayed for since a defaulting defendant may have relied on the relief requested in the complaint in deciding not to appear and defend the action." (quoting 10 C. Wright *et al.*, <u>Federal Practice and Procedure</u>, § 2662, at 131)).

The supreme court has also observed that "the award of a default judgment in violation of HRCP Rule 54(c) implicates the defendant's right to due process."  <u>Genesys</u>, 95 Hawaiʻi at 38, 18 P.3d at 900.  However, "a default judgment is not void for

7

violating HRCP Rule 54(c) unless the violation deprived the defaulting party of due process by failing to provide notice of the scope of the claim and a meaningful opportunity to defend against it."  Id. at 40, 18 P.3d at 902.

Here, Father's Motion for Post-Decree Relief sought to reduce his monthly child support payment; it did not seek to terminate his child support obligation.  In contrast, Father's Motion for Default sought to permanently end his child support obligation.  There is no indication in the record that Mother was served with a copy of the Motion for Default prior to the November 16, 2018 hearing at which the Family Court found Mother in default and ordered that Father's child support obligation be set aside.  Indeed, there is no indication in the record that Mother was served with a copy of the Motion for Default prior to entry of the Default Judgment.  In granting Father's request to terminate his child support obligation, the Family Court granted relief by default that was different in kind from (and greater than) the relief sought in the Motion for Post-Decree Relief, in violation of HFCR Rule 54(c).  Mother was not provided with notice of the scope of Father's new claim (*i.e.*, to terminate his child support obligation) and a meaningful opportunity to defend against it prior to the entry of the Default Judgment.  We thus conclude that the Default Judgment is void as to the setting aside of Father's adult child support payments.  See Matsushima, 67 Haw. at 559, 696 P.2d at 846 (ruling that a default judgment was void as to the quieting of title, where the pleadings did not pray for such relief).

Mother also contends that the Family Court erred in relying on HFCR Rule 55(b) to enter default against her and to proceed with a proof hearing.  As reflected in FOFs 20 and 21, when Mother failed to appear at the November 16, 2018 hearing, the Family Court granted entry of default against Mother, conducted a proof hearing, and subsequently entered the Default Judgment pursuant to HFCR Rule 55(b).

HFCR Rule 55(b) provides:

> In a contested or uncontested action, where it appears from
> the record and by testimony (or by affidavit or declaration
> in an uncontested matrimonial action) that the adverse party

8

> has been duly served with the complaint or dispositive motion, and the adverse party has failed to appear or otherwise defend as provided by these rules, the court may grant an entry of default and proceed with a proof hearing, when a hearing is required, and enter a default judgment. No judgment by default shall be entered against a minor or incompetent person unless represented in the action by a guardian, or other such representative who has appeared therein, and upon whom service may be made under Rule 17(c) of these rules.

(Emphases added.)

Mother was duly served with a copy of the Motion for Post-Decree Relief, by which Father sought credit of $700 per month from September 1, 2017, toward overdue child support payments. In order to determine whether the Family Court properly entered default and the Default Judgment against Mother as to this requested relief, we must determine whether Mother "failed to appear or otherwise defend as provided by [the HFCR]." HFCR Rule 55(b). The rule authorizes a default only if a party has failed to appear _or_ otherwise defend. Therefore, if Mother appeared or otherwise defended as to the Motion for Post-Decree Relief, her subsequent failure to appear at the November 16, 2018 hearing would not warrant the entry of default under HFCR Rule 55(b). Cf. First Hawaiian Bank v. Powers, 93 Hawaiʻi 174, 185, 998 P.2d 55, 66 (App. 2000) (construing the phrase "otherwise defend" in District Court Rules of Civil Procedure (**DCRCP**) Rule 55(a) in light of the interpretation of Federal Rules of Civil Procedure Rule 55(a) (quoting 10 Moore's Federal Practice § 55.10[2][b] at 55-12.1 (3d ed. 1998))); Gonsalves v. Nissan Motor Corp. in Hawaii, 100 Hawaiʻi 149, 159, 58 P.3d 1196, 1206 (2002) (construing "otherwise defend" in HRCP Rule 55(a)).

The record reflects that while Mother failed to appear at the November 16, 2018 hearing, she took several actions prior to that hearing to defend against the Motion for Post-Decree Relief. These actions included filing her September 5, 2018 response, returning to Hawaiʻi to attend the September 10, 2018 hearing, and filing her November 9, 2018 position statement and related documents. Mother therefore did not "fail to appear or otherwise defend" against the Motion for Post-Decree Relief so as to authorize entry of default and the Default Judgment as to the requested $700-per-month credit. HFCR Rule 55(b); cf. Powers, 93

Hawaiʻi at 184, 998 P.2d at 65 (applying the "fail to plead or otherwise defend" language of DCRCP Rule 55(a)). The Family Court abused its discretion in granting Father such relief in these circumstances. See Gonsalves, 100 Hawaiʻi at 158, 58 P.3d at 1205 (2002) ("[a]pplication of HRCP Rule 55, which governs entry of default judgment, is reviewed for abuse of discretion."); cf. Long v. Long, 101 Hawaiʻi 400, 407, 69 P.3d 528, 535 (App. 2003) (concluding that under HFCR Rule 37, the family court abused its discretion in entering a default decree against husband).

Given our decision to vacate the Default Judgment, we do not reach Mother's remaining contentions.

### III. Conclusion

For the reasons discussed above, we vacate the December 5, 2018 "Judgment Granting [Father's] Motion to Cease Support Payments through [CSEA] to Adult Child[;] Order Defaulting [Mother]," entered in the Family Court of the Second Circuit. The case is remanded to the Family Court for further proceedings consistent with this Memorandum Opinion.

DATED: Honolulu, Hawaiʻi, July 29, 2022.

On the briefs:

MD,
Self-represented Plaintiff-
Appellant

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Karen T. Nakasone
Associate Judge

10