**NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000751
17-MAR-2026
08:01 AM
Dkt. 39 SO**

NO. CAAP-23-0000751

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


BANK OF AMERICA, N.A., Plaintiff-Appellant, v.
LISA FUJIKAWA, Defendant/Cross Claim Defendant-Appellee
and
ASSOCIATION OF APARTMENT OWNERS OF ALII LANI,
Defendant/Cross Claimant-Appellee
and
JOHN DOES 1-10, JANES DOES 1-10, DOE PARTNERSHIPS 1-10,
DOE CORPORATIONS 1-10, DOE ENTITIES 1-10, AND DOE
GOVERNMENTAL UNITS 1-10, Defendants.

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CASE NO. 3CCV-20-0000347)


SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, and Wadsworth and Guidry, JJ.)

Plaintiff-Appellant Bank of America, N.A. (**BANA**) appeals from the following orders and judgment entered in the Circuit Court of the Third Circuit[1] (**Circuit Court**): (1) the October 27, 2023 "Findings of Fact, Conclusions of Law and Order Granting in Part and Denying in Part [BANA]'s Motion for Default Judgment Against [Defendant-Appellee] Lisa Fujikawa NKA Lisa Moore [(**Moore**)] and Summary Judgment and Decree of Foreclosure Against All Defendants on Complaint Filed November 8, 2019" (**FOFs/COLs/Order**); (2) the October 27, 2023 "Judgment on [FOFs/COLs/Order]" (**Judgment**); and (3) the February 21, 2024 Minute Order denying BANA's November 6, 2023 Motion for

---

[1] The Honorable Robert D.S. Kim presided.

Additional Findings or in the Alternative Motion for Amendment of Judgment (**Minute Order**). Moore has not appeared in this appeal and did not file an answering brief.

On November 8, 2019, BANA filed the Complaint against Moore, seeking, among other things, foreclosure of the subject mortgage (**Mortgage**); a determination of all sums due under the subject Note (**Note**) and Mortgage, including principal, interest, costs, fees, and other charges; and a determination that these amounts are a valid and enforceable lien on the subject property (**Property**). The Complaint stated that "[a]s of October 25, 2019, the account with interest, advances [and] all other charges is immediately due and payable in the sum of $529,262.86." The Complaint provided a breakdown of that sum, which included the unpaid "[p]rincipal [b]alance" of $345,396.54 and other itemized charges. The Complaint also stated: "[Plus daily interest rate at 6.3750% accrued for each day after October 25, 2019, until paid.]"

Moore was personally served with the Summons and Complaint, but did not file an answer or otherwise respond. On November 15, 2021, the Clerk of the Circuit Court entered default against Moore.

On November 21, 2022, BANA filed a motion for default judgment and summary judgment (**MSJ**). The MSJ sought a default judgment against Moore under Hawaiʻi Rules of Civil Procedure (**HRCP**) Rule 55(b)(2),[2/] and summary judgment against all defendants

_____

[2/] HRCP Rule 55(b)(2) states, in relevant part:

> (b) **Judgment.** Judgment by default may be entered as follows:
>
> . . . .
>
> (2) BY THE COURT. In all other cases the party entitled to a judgment by default shall apply to the court therefor: . . . If the party against whom judgment by default is sought has appeared in the action, the party . . . shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the

under HRCP Rule 56, for the relief requested in the Complaint. The MSJ asserted that the total amount then due was $603,832.65, with a breakdown of that sum that included interest, late charges, and other fees. Moore did not oppose or otherwise respond to the MSJ.

On June 2, 2022, the Circuit Court held a hearing on the MSJ, with all parties attending, including Moore, who represented herself. When asked by the court why she had not responded to the Complaint, Moore stated that she no longer owned the Property and "the Association . . . took over ownership . . . ."[3/] The court explained, "what [BANA is] talking about is any legal obligation under the note and the mortgage. That's why you're still in this case. . . . [S]o you're still obligated under the mortgage for whatever is owed." (Formatting altered.) The court also noted, "And you didn't file a request to set aside the default and you didn't answer within the time, and so your status is that you're defaulted and, therefore, now the bank is saying they wanna get judgment against you." Moore did not ask to set aside the default or otherwise challenge it in any way.

The Circuit Court then entered default judgment against Moore for $345,396.54, the unpaid principal balance of Moore's debt. The court reasoned, "[t]hat's what [Moore] got notice of" in the Complaint "and therefore that's the amount I'm gonna establish against her."[4/] The court also indicated that it "had questions" regarding the amount of interest and other fees stated in the Complaint. When BANA followed up on those questions, the court stated, "Yeah, but that's moot now because that's the amount[,]" referring to the principal balance of $345,396.54, and further stated, "that's my ruling because a person under the case law, you know, the person chooses not to proceed because they

parties when and as required by any statute.

[3/] Defendant-Appellee Association of Apartment Owners of Alii Lani (**Association**) acquired title to the subject property (**Property**) by means of a nonjudicial foreclosure in 2019. The Association's interest is subordinate to BANA's Mortgage.

[4/] The court initially set the judgment amount of $329,250.01 based on a statement made by Moore during the hearing, but later corrected the amount to $345,396.54 based on the Complaint.

know what the amount is and that's the amount."

On October 27, 2023, the Circuit Court entered the FOFs/COLs/Order, in which it concluded that BANA was entitled to foreclose the Mortgage, and the total amount of $345,396.54 was due and payable on the Note and Mortgage. FOF 6 specified that the court denied: (1) the itemized amounts that were alleged in paragraph 10 of the Complaint and totaled $183,866.32, plus daily interest at the rate of 6.375% for each day after October 25, 2019; and (2) the itemized amounts that were sought in the MSJ and supported by the attached Exhibits 6 and 7 and totaled $321,836.72, plus daily interest at the rate of 6.375% from September 1, 2022, until paid.

BANA appeals from the FOFs/COLs/Order and Judgment "solely as it relates to the denial of the additional interest, fees, and charges allowed by the [M]ortgage and [N]ote and pled in the Complaint." BANA asserts a single point of error, contending that "[t]he Circuit Court abused it discretion by entering default judgment of foreclosure against [Moore] limiting [BANA's] recovery to only the [unpaid principal balance], and not all sums due and owing on the Mortgage and Note . . . ."

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we resolve BANA's contention as follows.

HRCP Rule 54(c) provides in relevant part that "[a] judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment." "[B]y its plain meaning, HRCP Rule 54(c) restricts the scope of relief that may be granted by default judgment to that specifically prayed for." In re Genesys Data Technologies, Inc., 95 Hawaiʻi 33, 38, 18 P.3d 895, 900 (2001) (quoting Matsushima v. Rego, 67 Haw. 556, 559, 696 P.2d 843, 846 (1985)). "The purpose of the rule is to provide a defending party with adequate notice upon which to make an informed judgment on whether to default or actively defend the action." Id. (quoting Matsushima, 67 Haw. at 559-60, 696 P.2d at 846). This purpose is served "where the 'plaintiff states the nature of the injury . . . and sets forth the specific elements

4

of damages for which he seeks judgment,' such that the defendant can make a reasonably informed judgment as to whether to actively defend the action." Id. at 42, 18 P.3d at 904 (emphasis added) (quoting Melehes v. Wilson, 774 P.2d 573, 579-80 (Wyo. 1989)). The Complaint need not request damages in a specific amount. Id.; see also HRCP Rule 55(b)(2) ("If, in order to enable the court to enter judgment . . . , it is necessary to take an account or to determine the amount of damages . . . , the court may conduct such hearings or order such references as it deems necessary and proper . . . .").

Here, the Complaint sought judgment for all sums due under the Note and Mortgage, including principal, interest, fees, and other charges, with an itemized breakdown of the amounts due as of October 25, 2019. Similarly, in the MSJ, BANA sought judgment for the relief prayed for in the Complaint, with an itemized breakdown of the amounts due as of September 1, 2022. There is no dispute that Moore was served with the Complaint and the MSJ.

On this record, we conclude that the Circuit Court clearly erred or otherwise abused its discretion in limiting BANA's recovery to only the unpaid principal balance of Moore's debt. BANA was not required to set out in the Complaint a specific total debt amount in order to obtain a default judgment against Moore. The Complaint provided notice of the specific elements of Moore's alleged debt, such that she could make a reasonably informed judgment as to whether to actively defend the action. She chose not to. In these circumstances, the Circuit Court could have entered judgment against Moore as prayed for in the Complaint and determined the specific total amount of Moore's debt in a later sale confirmation proceeding (and related judgment). See HawaiiUSA Federal Credit Union v. Monalim, 147 Hawaiʻi 33, 49 n.22, 464 P.3d 821, 837 n.22 (2020) ("Our law does not burden the foreclosing party with the obligation to prove the amount due on the mortgage before the foreclosure sale because 'a deficiency judgment is rendered only after the sale of the mortgaged property.' [Bank of Honolulu, N.A. v. ]Anderson, 3 Haw. App. [545, ]549, 654 P.2d [1370, ]1374[ (1982)]. This

5

process does not require a court to determine the amount due on the mortgage before granting a decree of foreclosure to the mortgagee."). Hawaiʻi law did not authorize the Circuit Court to limit BANA's recovery to the principal amount of Moore's debt simply because some of the non-principal amounts of that debt could not be precisely determined at the foreclosure stage.[5]

For these reasons, the FOFs/COLs/Order and the Judgment are vacated to the extent the Circuit Court limited BANA's recovery to the principal amount of Moore's debt. The case is remanded to the Circuit Court for further proceedings consistent with this summary disposition order.

DATED: Honolulu, Hawaiʻi, March 17, 2026.

On the brief:

Patricia J. McHenry and
Allison Mizuo Lee
(Cades Schutte)
for Plaintiff-Appellant.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge

---

[5] Furthermore, to the extent the Circuit Court had questions regarding the amount of interest and other fees stated in the Complaint, it could have conducted a hearing under HRCP Rule 55 rather than summarily denying recovery.